Charles E. McDOWELL, Jr.,
Petitioner–Appellee,

v.

Arthur CALDERON, Warden,
Respondent–Appellant.

No. 98–99032.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 1999.

Decided Dec. 1, 1999.

A. Scott Hayward, Deputy Attorney General, Los Angeles, California, for the respondent-appellant.

Andrea G. Asaro, Rosen, Bien & Asaro, San Francisco, California, for the petitioner-appellee.

Before: HUG, Chief Judge, and BROWNING, PREGERSON, BRUNETTI, KOZINSKI, RYMER, T.G. NELSON, KLEINFELD, TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

PER CURIAM:

Charles McDowell was convicted of murder and sentenced to death by the State of California. In December 1990, he filed a petition for writ of habeas corpus in the Central District of California. Among other issues, he raised claims of ineffective assistance of counsel. The district court recognized that McDowell's ineffective assistance claims waived his attorney-client privilege as to those matters pertaining to the attorney's representation of McDowell at trial. *See, e.g., Wharton v. Calderon,* 127 F.3d 1201, 1203 (9th Cir.1997). However, the district court did not simply release the materials to the California Attorney General. Rather, on February 25, 1994, it entered a protective order stating that the Attorney General could use any documents produced from the trial counsel's file only for purposes of the pending habeas litigation. By the terms of the order, this restriction was to continue in effect after the conclusion of the habeas proceedings and would apply "in the event of a retrial of all or any portion of [McDowell's] criminal case."

The district court denied McDowell's petition, but we reversed on appeal as to the death sentence. *McDowell v. Calderon,* 130 F.3d 833 (9th Cir.1997). On September 15, 1998, the district court entered an order granting the writ of habeas corpus. That order also provided that the February 25, 1994, protective order "shall remain in effect." The Attorney General filed a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). In it, he asked the district court to vacate the protective order on the ground that it "should not have been issued," because federal law does not provide for partial waivers of attorney-client privilege. The district court denied the motion on November 2, 1998. The Attorney General appeals.

■ The only order that is the subject of this appeal is the district court's order of November 2, 1998, denying the warden's motion for reconsideration under Fed. R.Civ.P. 59(e). *See* Notice of Appeal, filed Nov. 9, 1998 ("[R]espondent ... hereby appeals ... from the November 2, 1998, denial of respondent's motion to alter or amend the judgment...."); Appellant's Opening Brief at 5 (stating the issue as "[w]hether the district court erred in denying respondent's motion to amend the order...."). The warden did not appeal either the protective order of February 25, 1994, or the order of September 15, 1998,

which reaffirmed the protective order. Those prior orders are therefore not before us.

 A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (emphasis added) (citing *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).[1] In moving for reconsideration, the warden alleged neither the discovery of new evidence nor an intervening change in the controlling law. Therefore, the only question before us is whether the district judge committed clear error in entering the protective order.[2]

 In answering this question, we do not review de novo the legal basis for the protective order, as we would if this were an appeal from the order itself. *See*

*Floyd v. Laws,* 929 F.2d 1390, 1400 (9th Cir.1991) ("An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment.") (citing *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir. 1989)).[3] Rather, we ask whether the protective order involved a clear error of law. *See e.g., Faile v. Upjohn Co.,* 988 F.2d 985 (9th Cir.1993) (reversing denial of a Rule 60(b) motion to vacate dismissal, where the district court had failed to apply provision of Fed.R.Civ.P. 5(b) that service is complete upon mailing).[4]

 The warden contends that, because raising ineffective assistance of counsel claims in a habeas petition waives the attorney-client privilege, the district court erred in prohibiting the Attorney General from disclosing the documents discovered from McDowell's trial counsel's file to "prosecutorial personnel or agencies" for use in connection with McDowell's penalty phase retrial.[5] It is debatable whether the district court can so limit the Attorney General's use of the documents from

---

1. *See also* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995):

 Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based.* Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
 (footnotes omitted) (emphasis added).

2. When, on the other hand, we review a district court's refusal to modify a protective order on the ground of changed circumstances, the legal basis for the original order is not at issue. *See Olympic Refining v. Carter,* 332 F.2d 260, 264 (9th Cir.1964).

3. The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *See Pasatiempo v. Aizawa,* 103 F.3d 796, 801 (9th Cir.1996).

4. Our cases reviewing denials of reconsideration have, on occasion, failed to recognize that only a failure to correct *clear* error constitutes abuse of discretion in this context. *See, e.g., Faile,* 988 F.2d at 986–87; *Yniques v. Cabral,* 985 F.2d 1031, 1034 (9th Cir.1993). For the reasons explained above, we disapprove any suggestion in these cases that a refusal to reconsider is an abuse of discretion merely because the underlying order is erroneous, rather than clearly erroneous. In order to invoke our authority to review de novo for ordinary error, a party must appeal the order itself, rather than a refusal to reconsider the order.

5. The parties agree that the protective order does not preclude the District Attorney from seeking to obtain from McDowell's original trial counsel the same documents that were turned over to the Attorney General. Any such attempt would be governed by state law.

McDowell's trial counsel's file. The question being a debatable one, the district court did not commit clear error when it limited access to the file pursuant to the terms of the protective order. District courts have very broad discretion in fashioning discovery orders under Fed. R.Civ.P. 26(c), and the protective order did not fall clearly outside the bounds of that authority. The district court therefore did not abuse its discretion in denying reconsideration. *See Pasatiempo*, 103 F.3d at 801 (denial of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) may be reversed only for abuse of discretion).

AFFIRMED.