SALZANO ENGINEERING, INC., United States of America for the use and benefit of, Plaintiff–Appellant,

v.

NIELSEN–DILLINGHAM BUILDERS, INC.; Fireman's Fund Insurance Company; American Insurance Company; and Does 1–1000, inclusive, Defendants–Appellee.

No. 99–56863.
D.C. No. CV–98–1934 BTM (CGA).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided Sept. 28, 2001.

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

Plaintiff Salzano Engineering, Inc. and Defendant Nielsen Dillingham Builders, Inc. entered into a subcontract in July 1996 pursuant to which Nielsen–Dillingham agreed to pay Salzano for labor, material, services, and equipment provided in connection with Nielsen–Dillingham's government contract to construct the Southbay International Wastewater Treatment Plant Effluent Structures in National City, California. Plaintiff Salzano filed the instant action on October 23, 1998, alleging, among other things, that Nielsen–Dilling-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ham failed to pay under the subcontract. Judgment was entered on August 25, 1999 for Plaintiff in the sum of $61,005.73. Plaintiff failed to file a timely Notice of Appeal from the judgment.

The only issue in this appeal is whether the district court abused its discretion in denying Plaintiff's motion under Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure.[1] Plaintiff sought an order allowing it to examine certain letters Defendant sent to the magistrate judge who adjudicated the parties' dispute. The district court determined that it lacked jurisdiction to decide Plaintiff's Rule 60(b) motion. This appeal followed.[2]

■ The denial of a motion to vacate under Rule 60(b) of the Federal Rules of Civil Procedure is a separately appealable final order. *Stone v. INS,* 514 U.S. 386, 403, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Plotkin v. Pac. Tel. & Tel. Co.,* 688 F.2d 1291, 1292 (9th Cir.1982). The appeal brings before the court only the order denying the motion, not the merits of the underlying judgment. *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999).

■ We review the district court's denial of a motion under Fed.R.Civ.P. 60(b) for an abuse of discretion "and will 'reverse only upon a clear showing of abuse of discretion.'" *De Saracho v. Custom Food Mach., Inc.,* 206 F.3d at 880 (citation omit-

ted). We use Rule 60(b)(6), in particular, "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

■ As the parties consented to proceed before a magistrate judge for all purposes, the district court did not have jurisdiction to decide the Rule 60(b) motion. In so holding, the district court ruled correctly. We find no abuse of discretion here and therefore affirm.

AFFIRMED.

---

1. Rule 60(b)(3) permits a losing party to move for relief from a final judgment, order, or proceeding for "fraud . . ., misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.), *cert. denied,* 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000) (internal citations omitted). Under subsec-

tion (6) of Rule 60(b), the court may order relief for "any other reason justifying relief from the operation of the judgment." The moving party must make "a very special showing" of exceptional or extraordinary circumstances. 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2857 (2d ed.1995).

2. On March 16, 2000, Plaintiff Salzano Engineering, Inc. submitted a motion to correct or modify the record pursuant to Fed. R.App. P. 10(e). The motion is denied.