**Martin FRUTOS, Jr.; et al.,**
**Plaintiffs—Appellants,**

v.

**Andrea Shea HOWE; et al.,**
**Defendants—Appellees.**

No. 01–56019.

D.C. No. CV–00–04350–TJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM**

California state prisoner Martin Frutos appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action, alleging that his ex-wife and other defendants, conspired to violate his constitutional rights and various federal statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Frutos' claims challenging the state court judgment in his divorce proceedings because such claims are barred by the *Rooker–Feldman* doctrine. *See Doe v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) (explaining that *Rooker–Feldman* doctrine bars federal courts from exercising jurisdiction "whenever they are in essence being called upon to review the state court decision").

The district court properly dismissed the action against defendant Gonzalez because court clerks are immune from suit for acts performed in their quasi-judicial capacity. *See Moore v. Brewster,* 96 F.3d 1240, 1244–45 (9th Cir.1996).

The district court did not err by dismissing as time-barred Frutos' section 1983 action against the prison official defendants because Frutos filed suit almost four years after his claims accrued, and more than one year after the tolling period expired. *See* Cal.Civ.Proc.Code § 352.1(a); *Johnson v. California,* 207 F.3d 650, 654 (9th Cir.2000) (applying California's personal injury one-year statute of limitation and § 352.1(a) to section 1983 claim).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Frutos' request for oral argument is denied.

The district court correctly determined that Frutos' allegations did not state an actionable claim under the Racketeering Influenced and Corrupt Organizations Act, Clayton Act or Sherman Act.

The district court did not abuse its discretion by denying Frutos a second opportunity to amend his complaint. *See Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

Finally, the district court did not abuse its discretion by denying Frutos' motion to alter or amend the judgment because the motion did not demonstrate grounds for reconsideration. *See* Fed.R.Civ.P. 59(e); *McDowell v. Calderon,* 197 F.3d 1253, 1255 & n. 1 (9th Cir.1999) (en banc) (per curiam).

Frutos' other contentions also lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Henderson's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.