GOODWORTH HOLDINGS, INC., a Texas Corporation, Plaintiff— Appellant,

v.

M.W. SUH; et al., Defendants— Appellees.

No. 03–15128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided May 24, 2004.

Samuel L. Boyd, Boyd & Associates, Dallas, TX, for Plaintiff–Appellant.

Michael Schillaci, Esq., Linda Kim, Kwak, Kim and Park, Los Angeles, CA, Stephen D. Hibbard, Esq., Bingham McCutchen LLP, San Franciso, CA, for Defendant–Appellee.

Before: FERGUSON, REINHARDT, and PAEZ, Circuit Judges.

### MEMORANDUM *

GoodWorth Holdings, Inc. ("Good-Worth"), a Texas corporation, appeals the District Court's grant of summary judgment in favor of defendants M.W. Suh ("Suh") and J.P. Morgan Securities ("J.P.Morgan").[1] GoodWorth also challenges the District Court's denial of two discovery motions and its refusal to reconsider the grant of summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm the rulings of the District Court. We do not repeat the facts, except as necessary, because they are known to the parties.

The District Court found no genuine issue of material fact as to the existence of a joint venture between GoodWorth and Suh, determining that no such venture was formed. *Goodworth Holdings, Inc. v. Suh,* 239 F.Supp.2d 947, 956 (N.D.Cal.2002). We do not need to resolve whether in reaching this conclusion, the District Court impermissibly made credibility determinations and weighed conflicting evidence. This Court may affirm the District Court's grant of summary judgment on any basis supported by the record, even if the lower

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. J.P. Morgan is the successor by merger to the rights and obligations of Hambrecht and Quist, LLC ("H & Q").

court made mistakes of law or relied upon incorrect reasons. *USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir.1994). We affirm the District Court because GoodWorth failed to allege, or to present evidence, regarding at least one element of each of its causes of action against Suh and J.P. Morgan.

■ GoodWorth's breach of contract claims against both defendants fail because of its inability to prove damages with any reasonable certainty. To obtain damages from the loss of anticipated profits, the plaintiff must show "a reasonable probability that the profits would have been earned except for the breach of the contract." *James v. Herbert*, 149 Cal.App.2d 741, 749, 309 P.2d 91 (App.1957). Here, GoodWorth presented no evidence to show that it could have closed the deal the joint venture contemplated, and thus was unable to show that it would have earned profits but for any breach by the defendants.

■ The District Court dismissed GoodWorth's fiduciary duty claim against J.P. Morgan because it found that H & Q did not stand in a fiduciary relationship with GoodWorth. The existence of such a relationship is a question of fact, to be resolved by examining the facts and circumstances of a particular case. *In Re Daisy Sys. Corp.*, 97 F.3d 1171, 1178 (9th Cir. 1996) (applying California law). Under this fact specific inquiry, and contrary to the decision of the District Court, GoodWorth established a genuine issue of material fact with respect to the existence of such a relationship. Nevertheless, it did not create a triable issue with respect to either breach or damages. To state a cause of action for breach of fiduciary duty, a plaintiff must show (1) the existence of a duty (2) breach, and (3) damages proximately caused by the breach. *Roberts v. Lomanto*, 112 Cal.App.4th 1553, 1562, 5 Cal.Rptr.3d 866 (App.2003). Because GoodWorth could not show damages proximately caused by any breach by either defendant, its fiduciary duty claims against both parties fail.

■ Furthermore, the District Court correctly ruled that GoodWorth did not raise a triable issue of fact regarding its fraud claims against either defendant. The elements of fraud are: 1) a misrepresentation; 2) knowledge of falsity ("scienter"); 3) intent to defraud, i.e. to induce reliance; 4) justifiable reliance; and 5) resulting damage. *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173, 132 Cal. Rptr.2d 490, 65 P.3d 1255 (2003). GoodWorth presented no evidence to demonstrate that Suh knew his statement to be false when he claimed that a Canadian bid for the telecommunications company's stock resulted in a "lockup" preventing other bids. Similarly, GoodWorth offered no evidence to show that H & Q's investment banker knew his representation to be false when he stated that the company had no interest in the stock deal, or to show that H & Q actually had an interest in GoodWorth's acquisition proposal in April 1999.

We also affirm the District Court's dismissal of GoodWorth's securities claims. Under either Texas or California securities law, GoodWorth failed to create a genuine issue of material fact regarding whether Suh or J.P. Morgan bought, sold, offered to buy, or offered to sell any securities.

GoodWorth's challenges to the denial of several of its motions are similarly unavailing. First, the District Court did not abuse its discretion in denying GoodWorth's Fed.R.Civ.P. 45(c) motion to compel discovery from third parties. That motion was untimely, and the Court was not required to excuse plaintiff's ignorance of the unambiguous local rule that limited the time for such motions.

Second, the District Court may well have abused its discretion in relying on deposition testimony of Jae Woo Lee, an

important witness who was disclosed late by defendant Suh. Fed.R.Civ.P. 37(c)(1) calls for exclusion of improperly disclosed evidence without requiring a party to move for that sanction, and "contemplates stricter adherence to discovery requirements." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001). Nevertheless, the grant of summary judgment to defendants can be affirmed on appeal even if Lee's testimony is excluded.

Finally, the District Court did not abuse its discretion in denying GoodWorth's Fed.R.Civ.P. 59(e) motion to alter or amend the summary judgment order. GoodWorth did not show that the new evidence it sought to offer could not have been obtained earlier through due diligence. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 929 (9th Cir.2000). Nor did it establish that the summary judgment order was based on a "manifest error of law or fact." *See McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999) (en banc).

For these reasons, the District Court's dismissal of all of GoodWorth's claims is AFFIRMED.