FILED

SEP 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN ARMSTRONG; et al.,

        Plaintiffs - Appellees,

ROBERT HECKER and RALPH
COLEMAN,

        Plaintiff-intervenors -
Appellees,

  v.

ARNOLD SCHWARZENEGGER; et al.,

        Defendants - Appellants.

No. 07-17342

D.C. No. CV-94-02307-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted January 28, 2010
Pasadena, California

Before: REINHARDT, TASHIMA and BERZON, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellants challenge a minute order denying their motion to reconsider an order requiring, among other things, that they provide certain of their staff members individualized access to their computerized system for tracking disabled prisoners and parolees. The facts underlying this particular appeal are well known to the parties, as are the facts of the decade and a half litigation between appellants and appellees, a class of disabled prisoners and parolees within the California state penal system.

As a preliminary matter, this appeal is not moot. Although appellants have already provided the access required by the order underlying the motion for reconsideration, we could nonetheless grant them "effective relief" by holding in their favor and allowing them to remove that access for some of their employees. *See EEOC v. Fed. Express Corp.*, 558 F.3d 842, 846-47 (9th Cir. 2009).

There are, however, no valid grounds for granting appellants such relief. This court "review[s] the denial of a motion for reconsideration for abuse of discretion." *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.2004). It is firmly established that "[a]n appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991).

2

Appellants' primary contention is that in the underlying order the district court did not make the need-narrowness-intrusiveness findings that the Prison Litigation Reform Act requires, and that failure to correct such a "clear" error of law on the motion for reconsideration constituted an abuse of discretion. *See McDowell v. Calderon*, 197 F.3d 1253,1255 & n.4 (9th Cir. 1999). Appellants, however, failed to raise the need-narrowness-intrusiveness findings issue in their motion for reconsideration. The district court cannot abuse its discretion by failing to grant reconsideration on a ground that was not raised before it. Moreover, even had appellants raised the issue properly, the district court made the necessary findings in the underlying order. *See Armstrong v. Schwarzenegger*, No. 4:94-cv-02307 (N.D. Cal. Sept. 11, 2007) at 22. Accordingly, there was no error in the underlying order for the district court to correct on the motion for reconsideration.

Appellants' contention that the district court did not enter the order for the purpose of correcting violations of plaintiffs' federal rights is similarly without merit. Again, appellants failed to assert this ground in their motion for reconsideration. Additionally, the district court made clear that the relief it ordered "was necessary to correct the violation of federal rights," *see id.*, and, moreover, the impetus for the order was appellants' failure to comply with prior orders, which the court had previously described as the narrowest, least intrusive means

3

necessary to correct violations of the Americans with Disabilities Act. That appellants did less than what the court had identified as the least that was necessary to bring them into compliance with federal law was sufficient to justify the underlying order.

Appellants' other contentions attack the underlying order without stating specifically how the district court abused its discretion in failing to grant reconsideration. These contentions are, accordingly, also without merit.[1]

Appellees' request for attorney's fees is denied without prejudice to their making a proper motion for attorney's fees consistent with Circuit Rule 39-1.6.

**AFFIRMED**.

---

[1]Appellees' motion to supplement the appellate record is denied.