**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

FILED

MAR 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **MARIE T. PEYTON,**<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>**OPTION ONE MORTGAGE CORPORATION, a California corporation, its successors and assigns, now known as Sand Canyon Corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY, asTrustee for HSI Asset Securitization Corporation trust 2006-OPT3, Mortgage Pass-Though Certificates, Series 2006-OPT3; DOES, 1-30,**<br><br>       Defendants-Appellees. | No.   11-17775<br><br>D.C. No.<br>1:10-cv-00186-SOM-KSC<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted February 24, 2017<sup>**</sup>
Honolulu, Hawaii

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. <u>See</u> Fed. R. App. P. 34(a)(2).

Before:     **KOZINSKI**, **HAWKINS** and **BEA**, Circuit Judges.

**1.** A borrower has a right to rescind a home mortgage transaction "until midnight of the third business day following the consummation of the transaction." 15 U.S.C. § 1635(a). But, if the lender fails to disclose this rescission right, the right can instead be exercised for three years. See 12 C.F.R. § 226.23(a)(3). The Peytons signed a document stating that they "RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW." This evidence creates a presumption that the Peytons received the appropriate disclosures and are not entitled to the three-year extension. See 15 U.S.C. § 1635(c). The Peytons presented no admissible evidence to rebut the presumption and extend the rescission period. Their rescission claims were thus time-barred, and the district court properly granted summary judgment to the defendants.

**2.** The district court did not abuse its discretion by denying the Peytons' motion under Federal Rules of Civil Procedure 59(e) and 60(b). See McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380–82 (9th Cir. 1997).

**AFFIRMED.**