**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD LONG,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>GORDON GILL and LANE COUNTY<br>SHERIFF'S OFFICE,<br><br>              Defendants-Appellees. | No.   14-35669<br><br>D.C. No. 6:11-cv-06284-MC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 8, 2017[**]
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[***] District Judge.

Donald Long prevailed after a jury trial in this 42 U.S.C. § 1983 suit against

the Lane County Sheriff's Office ("LCSO") and a deputy sheriff arising out of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

towing of Long's truck. After the district court amended its judgment to reduce the damages and declined to award the full amount of counsel fees Long sought, he appealed. We affirm.

1. The district court did not abuse its discretion in granting LCSO's Rule 59(e) motion to amend the judgment. *See McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (en banc) (per curiam). The jury made separate damage awards under both of Long's theories seeking to impose liability on the LCSO under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But Long admits he advanced only one Fourteenth Amendment claim, and therefore was entitled to recover only once. *See Experience Hendrix, L.L.C. v. Hendrixlicensing.com, Ltd.*, 762 F.3d 829, 847-48 (9th Cir. 2014).

2. The district court also did not abuse its discretion in determining the amount of attorney's fees to award under 42 U.S.C. § 1988(b). The court need only award fees "that it deems reasonable," and may award less than the amount requested if it gives "a specific explanation" for doing so. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111-12 (9th Cir. 2008). The district court reasonably found that this case was "anything but complex," and that the results obtained did not require two attorneys.

**AFFIRMED**.