**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE BOEING COMPANY; BOEING COMMERCIAL SPACE COMPANY, | No. 18-55283 |
| Plaintiffs-Appellees, | D.C. No. 2:13-cv-00730-AB-AJW |
| v. | |
| KB YUZHNOYE; PO YUZHNOYE MASHINOSTROITELNY ZAVOD, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted October 22, 2019[**]
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and RESTANI,[***] Judge.

Defendants-appellees, KB Yuzhnoye and PO Yuzhnoye Mashinostroitelny

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Zavod (collectively "Yuzhnoye"), appeal the district court's grant of summary judgment in a breach of contract action brought under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602 *et seq.*, by The Boeing Company and its wholly-owned subsidiary Boeing Commercial Space Company (BCSC) (collectively "Boeing"). Yuzhnoye also appeals the district court's order denying its motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) as well as the court's order denying its motion for a stay in favor of Swedish arbitration.

In 1996, Boeing, Yuzhnoye, and two other entities, Kvaerner and Energia, formed a joint venture, known as Sea Launch, to launch commercial satellites into space from an ocean platform. In 2009, the joint venture failed, and Sea Launch filed for bankruptcy, defaulting on loans made to the venture and triggering Boeing's guarantees of Sea Launch's third-party loans, which Boeing paid $449 million to cover. Boeing alleged that Yuzhnoye refused to reimburse its share of the losses as Yuzhnoye was obligated to do under the joint venture and loan guarantee provisions in two contracts, referred to herein as the Sea Launch Creation Agreement and the BCSC Loan Guarantee agreement. The district court granted summary judgment for Boeing and entered judgment against Yuzhnoye.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

1. "[S]ummary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc) (quoting Fed. R. Civ. P. 56(a)). Based on our own de novo review of the record in the light most favorable to Yuzhnoye, we conclude that the district court did not err in granting summary judgment for Boeing. Specifically, we agree with the district court's conclusions that: (1) under Swedish law, the alleged oral representations by Boeing's representatives did not modify Yuzhnoye's obligations under the Creation Agreement because there was no evidence that Boeing acted consistent with the alleged representations; (2) Yuzhnoye's defenses to the alleged breach of the BCSC Loan Guarantee agreement failed as a matter of UK law; and (3) Yuzhnoye's defenses to the alleged breach of the Creation Agreement failed as a matter of Swedish law.

On appeal, Yuzhnoye does not present any arguments as to whether or how the district court erred in its assessment or application of Swedish or UK law. Nor does Yuzhnoye explain how its alleged disputes of fact are material to any of its affirmative defenses. Because Yuzhnoye fails to present a genuine issue of

---

[1] Because the parties are familiar with the facts and issues in this appeal, we do not recite them in detail.

material fact as to Boeing's breach of contract claims or Yuzhnoye's many defenses, we affirm the district court's grant of summary judgment.

2.  A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (emphasis in original).  Here, Energia filed a Rule 59(e) motion to reduce the judgment against Energia by the amount that Kvaerner had paid Boeing on Energia's behalf.  Yuzhnoye filed a joinder to Energia's motion that "incorporated by reference" the arguments it previously raised in its Opposition Memorandum to the proposed judgment, but did not file its own Rule 59(e) motion.  After Energia settled, thereby leaving Yuzhnoye the remaining defendant, the district court denied the motion to alter judgment because "Yuzhnoye has not provided any argument for how it could benefit from" Energia's motion.

The district court did not abuse its discretion in denying Yuzhnoye's motion to alter or amend the judgment given Yuzhnoye's failure to file its own Rule 59(e) motion or to raise substantive arguments in its joinder.  However, assuming that the district court should have considered the claims raised earlier in Yuzhnoye's Opposition Memorandum, the district court did not abuse its discretion in declining to amend the judgment against Yuzhnoye.  At summary judgment, the district

4

court considered and rejected Yuzhnoye's unjust enrichment defense, which essentially presented the same arguments and facts that Yuzhnoye later raised for amending the judgment. Yuzhnoye did not present any "newly discovered evidence" or "an intervening change in the controlling law" that would warrant Rule 59(e) relief, or otherwise show clear error in the final judgment. Accordingly, we affirm the district court's denial of Yuzhnoye's Rule 59(e) motion.

3. The district court also did not abuse its discretion in denying Yuzhnoye's motion for a stay in favor of Swedish arbitration. On appeal, Yuzhnoye argues that the district court should have granted its motion based on section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 3. However, Yuzhnoye failed to raise this argument below, thereby waiving it. Even if the argument were not waived, we would reject it on the merits. As the district court found, only the Creation Agreement claims were referable to the Swedish arbitration, whereas the BCSC Loan Guaranty claims were not. Furthermore, Yuzhnoye's previous position that the Swedish arbitrator lacked jurisdiction over Boeing's claims was clearly inconsistent with its right to arbitration and constituted a waiver of that right. *See Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) ("The right to arbitration, like other contractual rights, can be waived."); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) ("A party seeking to prove waiver of a right to

arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.").

**AFFIRMED**.