Michael T. **HERBST**, Petitioner–Appellant,

v.

Dave **COOK**, Director Oregon Department of Corrections, Respondent–Appellee.

No. 99–35133.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *

Filed Aug. 10, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Michael T. Herbst, Umatilla, Oregon, petitioner-appellant pro se.**

Timothy A. Sylwester, Assistant Attorney General, Salem, Oregon, for the respondent-appellee.

Before: ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

** Petitioner–appellant was represented on appeal by appointed *pro bono* counsel, Sherilyn Peterson and Sheree Strom Carson, of Perkins Coie LLP, Bellevue, Washington, until shortly before the case was submitted for decision, when counsel were permitted to withdraw at the request of both Herbst and appointed counsel. We have been greatly assisted by the briefs filed by appointed counsel.

TASHIMA, Circuit Judge:

Michael T. Herbst ("Herbst") pled guilty to arson in Oregon state court. His federal habeas corpus petition alleging, inter alia, ineffective assistance of counsel was denied *sua sponte* by the district court as time-barred pursuant to the one-year limitations period enacted under the Antiterrorism and Effective Death Penalty Act. ("AEDPA"). *See* 28 U.S.C. § 2244(d). Herbst moved for reconsideration, but the district court summarily affirmed its initial order of dismissal. We conclude that the district court erred in *sua sponte* dismissing the petition as time-barred without providing the petitioner with prior notice and an opportunity to respond. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we reverse.

I.

Herbst pled guilty to one count of first degree arson in Oregon state court and was sentenced to 60 months' imprisonment and $50,000 restitution on June 15, 1994. After he dismissed his direct appeal on November 8, 1994, Herbst filed a state-court petition for post-conviction relief on July 1, 1996. His state petition was dismissed on March 7, 1997, and he did not appeal from that judgment. On July 29, 1998, Herbst filed a pro se petition for habeas corpus relief in federal district court pursuant to 28 U.S.C. § 2254, as well as a motion to proceed *in forma pauperis,* a motion for extension of time, and a motion for appointment of counsel.

The district court denied the motions, allowing Herbst 30 days to amend his application for reconsideration to proceed *in forma pauperis.* Herbst timely filed an amended application on August 31, 1998. On September 8, 1998, the court denied that motion as moot and allowed Herbst another 30 days to file an amended petition setting forth the claims he raised in his state court petition so that it could determine whether he had exhausted his state remedies (his federal petition referenced his state court petition, but the latter was not attached to his federal petition). He then filed an amended petition dated October 1, 1998, and renewed the motion for appointment of counsel. On October 14, 1998, the district court issued an order concluding that Herbst had exhausted his state remedies; however, the court *sua sponte* denied the petition on the basis that it did not comply with the one-year statute of limitations under 28 U.S.C. § 2244(d).[1]

The district court decided that because petitioner's state conviction was final before the effective date of the AEDPA, his federal petition must have been filed by April 23, 1997 (*i.e.,* one year after the

---

1. The AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

effective date of the AEDPA).[2] *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1287–88 (9th Cir.1997) (rejecting retroactive application of the one-year statute of limitations under the AEDPA), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). The district court also held that, even assuming the one-year period was tolled pursuant to § 2244(d)(2) until the date that petitioner's state collateral proceedings were dismissed, his federal petition would have had to have been filed by March 7, 1998, in any event. Therefore, the court concluded, Herbst's petition was necessarily time-barred.

Herbst moved for reconsideration and enlargement of time on November 2, 1998. His motion, supported by an affidavit and exhibits, contained allegations of a state-created impediment to the filing of his federal habeas petition and potential grounds for equitable tolling. The district court, however, summarily affirmed its initial order dismissing his petition on December 7, 1998. Petitioner timely filed a notice of appeal on January 7, 1998, and we granted a certificate of appealability to review the district court's *sua sponte* dismissal of his petition as time barred under § 2244(d).

## II.

■ We review the dismissal of a habeas petition on statute of limitations grounds de novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). Herbst contends that the district court erred by dismissing his habeas petition without prior notice or opportunity to respond and without consideration of whether there was a state-created impediment to the filing of his petition, or whether other factors might justify equitable tolling of the statute of limitations, as alleged in his motion for reconsideration. The state contends that he was afforded adequate notice and opportunity to respond by his motion for reconsideration *after* dismissal of his petition, and that equitable tolling would be inapplicable under the facts of this case. For the reasons stated below, we reverse the dismissal of Herbst's petition and remand for appropriate development of the record.

■ Although we have not addressed the precise issue of whether the statute of limitations under the AEDPA may be raised *sua sponte* when untimeliness is obvious on the face of the petition, we have done so in the analogous context of procedural default. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir.1998). The interests of comity, federalism, and judicial efficiency underlying the district court's discretion to raise the issue of procedural default *sua sponte* apply equally to the statute of limitations, and we join the other circuits that have considered the issue by so holding. *See, e.g., Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir.2000) ("We agree with the Tenth and Fifth Circuits that a district court has the authority to raise the AEDPA statute of limitation on its own motion."); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir.1999). The district court therefore had the authority to raise the statute of limitations *sua sponte*.[3]

---

**2.** Actually, the correct date is April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001).

**3.** To be clear, our holding today is not meant to suggest that a district court is required to raise the statute of limitations *sua sponte,* but merely that it has the authority to do so. Nor do we opine as to when or under what circumstances the affirmative defense may be considered waived. The issue of waiver is irrelevant under the facts here, where the district court dismissed a petition *sua sponte* before the state ever filed a response. We simply hold that a court has the authority to

■ Just as the authority to raise the issue sua sponte should apply equally to the statute of limitations and to procedural default in the habeas context, however, so too should its limits. In *Boyd*, we specifically warned:

A district court's use of this summary dismissal power is not without limits. A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal. When dealing with a pro se petitioner, the court must make clear the procedural default at issue and the consequences for failing to respond. In this case, the Magistrate Judge issued an Order to Show Cause which clearly identified the procedural default and detailed the cause and actual prejudice standard, allowed Boyd an opportunity to respond, and made a thorough and well-reasoned report and recommendation to the district court.

*Boyd*, 147 F.3d at 1128. Herbst was afforded no such protection before the court *sua sponte* dismissed his petition on statute of limitations grounds and summarily affirmed its initial order upon reconsideration. Thus, while the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond. *See Acosta*, 221 F.3d at 124–26. Such was not the case here.

■ We reject the state's suggestion that the dismissal order and Herbst's motion for reconsideration provided adequate notice and an opportunity to respond. We find the rationale of the Second Circuit to be persuasive:

If the court chooses to raise *sua sponte* the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard *before dismissing on such ground.* Here, we apply the well-established principle that a person is entitled to notice *before adverse judicial action is taken against him.*

*Acosta*, 221 F.3d at 121 (emphasis added) (internal quotation marks and citation omitted). We agree. Petitioner was entitled to adequate notice and an opportunity to respond *prior to* the district court's *sua sponte* dismissal of his petition on statute of limitations grounds.

■ Moreover, the dismissal order itself would otherwise have been insufficient to provide Herbst with adequate notice in any case. The order stated only that the petitioner must, pursuant to AEDPA, file a federal petition within one year of the entry of the state court final judgment; that a petition for a conviction final before the effective date of AEDPA must be filed by April 23, 1997; and that the period is tolled during state collateral review proceedings. The court did not inform Herbst that his petition would be subject to dismissal unless he could plead facts which prevented the statute of limitations from running against him.[4]

■ Not only was the dismissal order insufficient to provide adequate notice, but

---

exercise its discretion by raising the statute of limitations *sua sponte* when doing so furthers the interests of comity, federalism, and judicial efficiency noted above.

4. Herbst alleges that he did not have access to legal materials describing or setting forth the provisions of the AEDPA even through the

preparation of his motion for reconsideration, and in the affidavit attached to the motion, he states that he only gained actual knowledge of the one-year limitations period in April, 1998. That alone may raise serious factual issues, which call for "appropriate development of the record." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148–49 (9th Cir.2000) (en banc).

a motion for reconsideration is inadequate as an opportunity to respond. First, the bar that must be cleared in order to succeed upon reconsideration is higher than pre-dismissal. A motion under Fed. R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)); *see also* Fed.R.Civ.P. 60(b). Second, the denial of a motion for reconsideration is reviewed only for an abuse of discretion. *See McDowell*, 197 F.3d at 1256. Third, an appeal from the denial of such a motion does not raise the merits of the underlying judgment. *See id.* at 1255. Thus, a motion for reconsideration is not an adequate substitute opportunity for a habeas petitioner to respond when a district court *sua sponte* dismisses the petition on the basis of untimeliness.

Finally, the state also contends that equitable tolling is insufficient to excuse Herbst's untimely filing as he was not continuously incarcerated during the entire limitation period. Specifically, the government contends that he escaped for a four-month period from January to March, 1997, and thus cannot meet the high standard we have set for equitable tolling. *See, e.g., Miles*, 187 F.3d at 1107 ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." (Internal quotation marks and citation omitted)). The present record, however, is an inadequate basis on which to make a determination with respect to equitable tolling. Moreover, Herbst does not rely solely upon a theory of equitable tolling. He also alleges circumstances suggesting he may be entitled to a finding of impediment under § 2244(d)(1)(B), thus affecting the commencement of the limitations period. We thus cannot determine with any certainty that there are no circumstances consistent with Herbst's allegations under which he would be entitled to a finding of a state-created impediment under § 2244(d)(1)(B), to equitable tolling under *Beeler*, or to a combination of the two grounds. Accordingly, "[b]ecause determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record." *Whalem/Hunt*, 233 F.3d at 1148.

**REVERSED and REMANDED.**