Johnny Hector MOLINA, Petitioner–Apellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–15843.

DC# CV–99–00431–WDB

CR–95–00446–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM **

Johnny Hector Molina appeals the district court's denial of his 28 U.S.C. § 2255 motion as untimely. Molina seeks to challenge his guilty plea conviction for ten counts of bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we reverse and remand for further proceedings.

Molina contends that 1) the district court erred for failing to address his equitable tolling claims, and 2) he is entitled to tolling of the AEDPA's one-year statute of limitations. However, based on the inadequate record before us, we cannot determine whether the district court properly addressed Molina's equitable tolling claims, let alone determine whether he was entitled to equitable or statutory tolling. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir.2001).

Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles*, 187 F.3d at 1107 (internal citations omitted). *See also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001). Statutory tolling is available until an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(2). We have emphasized that "determinations of whether there was an 'impediment' " for statutory tolling and "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam); *see also Herbst*, 260 F.3d at 1039, 1044.

In this case, both Molina and the government made conflicting factual assertions. However, the district court neither conducted an evidentiary hearing, nor made any findings of fact. *See id.* It cannot be said that there are no circumstances consistent with Molina's motion and declaration under which he would be entitled to statutory or equitable tolling. *Id.* Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," we reverse and remand for appropriate development of the record. *Id.*

REVERSED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

