Christopher P. CRAWFORD,
Petitioner–Appellant,

v.

OREGON STATE HOSPITAL; Stan Mazur–Hart, Superintendent, Respondents–Appellees.

No. 00–35881.

D.C. No. CV–99–00544–HO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided March 29, 2002.

Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM *

Christopher P. Crawford appeals the district court's denial of his petition for writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

■ Although Crawford has not conclusively established that the statute of limitations should be equitably tolled for the entire 725 days necessary to make his federal petition timely, we conclude that he has made an adequate showing of mental incapacity to trigger a duty to inquire by the district court. Equitable tolling is warranted if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997) (quoting *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996)), *overruled in part on other grounds by Calderon v. U.S. Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc). We have previously held that mental incompetency may be such an "extraordinary circumstance." *Calderon (Kelly)*, 163 F.3d at 541. When, as here, a petition is otherwise untimely but the record creates a "genuine basis for concern" about the petitioner's mental state, *id.*, a district court must consider whether mental illness during the operative time period made it "impossible" for the petitioner to file a timely petition. *See id.; see also Herbst v. Cook*, 260 F.3d 1039, 1042, 1044 (9th Cir.2001).

Not only was Crawford still confined to the Oregon State Hospital (rather than conditionally released or discharged from the PSRB's jurisdiction), but the record also disclosed that he had initially been found incompetent to stand trial. It is true that he was subsequently found competent to stand trial, that the state post-conviction trial court confirmed that finding, and that Crawford asserted in his August 1999 response to the district court's show cause order that he "d[id] not presently suffer from a mental illness." However, the relevant question is whether Crawford's mental condition between the time his state habeas petition was dismissed and the time his AEDPA clock ran out had deteriorated enough to prevent him from filing a timely federal habeas petition. The present record does not answer that question, and in light of Crawford's continued confinement in the State

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hospital and the state court's initial finding of mental incompetency, the district court should have developed that record further before dismissing the petition on timeliness grounds. *See Herbst*, 260 F.3d at 1044 (holding that on the present record, the court of appeals could not "determine with any certainty that there [were] no circumstances consistent with Herbst's allegations under which he would be entitled to ... equitable tolling"). Although the district court did give Crawford an opportunity to file "any additional documents to support his petition" after the state asserted the statute of limitations, we conclude that Crawford's threshold showing of a basis for concern required that the district court inquire more specifically into Crawford's mental condition before applying the time bar.

■ We also conclude that Crawford did not waive the issue merely by failing specifically to invoke "equitable tolling" in the district court. Crawford's petition, his response to the show cause order, and the record disclosed a sufficient basis to question his mental state and required the district court to examine whether grounds for equitable tolling on that basis existed.

We decline the State's invitation to affirm on the alternative ground of procedural default, on which the district court did not rule. Whether Crawford properly exhausted his federal claims in the Oregon courts and, if not, whether he can present grounds that justify excusing any resulting procedural default are matters we leave to be addressed on remand.

We therefore vacate the district court's denial of Crawford's habeas petition and remand for further proceedings consistent with this disposition.

VACATED and REMANDED.