Jesse FIGUEROA–LOMELI,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 01–16886.

D.C. Nos. CV–01–05899–REC,
CR–98–05153–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Jesse Figueroa–Lomeli, a pro se prisoner, appeals the district court's dismissal of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we reverse.

Figueroa contends, and the government concedes, that the district court erred by recharacterizing his 28 U.S.C. § 2241 petition as filed pursuant to § 2255 without his consent and without offering him an opportunity, after informing him of the consequences of recharacterization, to withdraw the petition. We agree. *See United States v. Seesing,* 234 F.3d 456, 464 (9th Cir.2001).

Figueroa further contends that the district court erred by dismissing the petition as untimely. Again, we agree. The district court has authority to raise a statute of limitations issue *sua sponte* and to dismiss a petition on those grounds, but such authority should be exercised only after the court provides the petitioner with adequate notice and an opportunity to respond. *Herbst v. Cook,* 260 F.3d 1039, 1043 (9th Cir.2001). Adequate notice includes informing the petitioner that the petition would be dismissed unless he could plead facts that prevent the statute of limitations from running. *Id.*

**REVERSED AND REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.