ALDRICH, District Judge,
Dissenting.
I join the panel’s opinion in full with respect to its statement of the facts and posture of the case, and its analysis of the district court’s application of AEDPA. Because I believe that further development of the record is necessary before resolving the issue of equitable tolling, I respectfully dissent.
Having correctly determined that Price’s petition was untimely under the applicable standard, the panel proceeds to dismiss the appellee’s allegations of “serious medical and psychiatric problems” and to conclude that Price is not entitled to equitable tolling. In so doing, the panel disregards Price’s previous inability to present facts and testimony on this issue. As the district court’s grant of relief prevented it from considering equitable tolling, I believe that remand is appropriate.
Tradition, bolstered by sound principles of deference and institutional competency, has made it axiomatic that district courts are best suited to the resolution of fact-intensive issues, such as the potential applicability of equitable tolling. The Ninth Circuit has lately reaffirmed its commitment to these principles, and within a very similar context. “Because determinations of ... whether there are grounds for equitable tolling are highly fact-dependant, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record.” Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000). See also United States v. Battles, 362 F.3d 1195, 1199 (9th Cir.2004)(remanding for consideration of equitable tolling, although claim “may turn out to be a mere thread paper”); Molina v. United States, 27 Fed. Appx. 796, 797 (9th Cir.2001)(remanding where district court neither conducted evidentiary hearing nor made findings of fact on equitable tolling).
I would adopt this sound approach, and allow Price to present his full case for equitable tolling before the district court.