

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2005

# Holden v. Mechling

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Holden v. Mechling" (2005). *2005 Decisions.* Paper 1145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2364

———

JAMES E. HOLDEN,

Appellant


v.


MECHLING; DAUPHIN COUNTY DISTRICT
ATTORNEY; PENNSYLVANIA ATTORNEY GENERAL


———


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cv-00466)
District Judge: Honorable Edwin M. Kosik


———


Argued October 26, 2004
Before: NYGAARD, AMBRO, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed May 24, 2005)

David R. Fine, Esq. (Argued)
Marsha A. Sajer, Esq. (Argued)
Kirkpatrick & Lockhart
Nicholson Graham
240 North Third Street
Payne-Shoemaker Building
Harrisburg, PA 17101
        <u>Counsel for Appellant</u>

James P. Barker, Esq. (Argued)
Office of the District Attorney
Front & Market Streets
Dauphin County Courthouse
Harrisburg, PA 17101
    Counsel for Appellee, DA Dauphin County

———

OPINION OF THE COURT

———

NYGAARD, Circuit Judge.

James E. Holden appeals from the District Court's dismissal of his petition for a writ of *habeas corpus* as untimely. We exercise plenary review over that determination. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). We have jurisdiction pursuant to 28 U.S.C. § 1291, and for the reasons that follow, will reverse and remand.

I.

Holden was convicted by a jury in the Court of Common Pleas of Dauphin County, Pennsylvania of robbery and conspiracy. The Court sentenced him to a term of between twenty and forty years imprisonment. After exhausting his state remedies, on April 23, 2002 Holden filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The District Court gave Holden the option of having his petition ruled upon as filed or withdrawing the petition without prejudice and refiling "one all-inclusive § 2254 petition

2

within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act." (J.A. at 41a) ("AEDPA"). Holden withdrew his petition and on March 14, 2003 filed a second habeas petition. On April 14, 2003, the District Court, as part of its preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, dismissed that petition *sua sponte* as untimely under AEDPA's one-year statute of limitations. The District Court did not give Holden prior notice nor the opportunity to be heard. This appeal followed.

## II.

Holden argues that the District Court should have warned him that if he withdrew his first petition, any future petition might be barred by the statute of limitations. He argues in the alternative that the District Court did not have the power to summarily dismiss his petition as untimely, but even if it did, he should have been given notice and an opportunity to be heard. We address each contention in turn.

## A.

Before a District Court may rule on a section 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may: (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one year statutory period." *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000); *see United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) (holding the same for a section 2255 petition). This notice is required "out of a sense of fairness," *Mason*, 208 F.3d at 418, because of

3

AEDPA's restrictive effect on successive habeas petitions.

The District Court gave the required notice. Specifically, it informed Holden that he could withdraw his petition without prejudice and resubmit "one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act." (J.A. at 41a). Holden then withdrew his first, timely petition, refiling a second, but untimely one. The District Court, as part of its Rule 4 preliminary consideration, then dismissed the resubmitted petition as untimely. Holden asserts that by giving him the *Miller/Mason* election notice, the District Court unintentionally misled him into thinking he had time to withdraw his original petition and file another within the prescribed statute of limitations period. He argues that a District Court giving this election notice must warn a *pro se* petitioner that the statute of limitations might bar any successive petitions. Holden's argument, however sympathetic, appears to have been recently rejected by the Supreme Court.

In *Pliler v. Ford*, 124 S.Ct. 2441 (2004),[1] the Supreme Court reversed a decision by the Ninth Circuit requiring district courts to give *pro se* habeas petitioners a warning that if they dismiss their petitions in order to first exhaust state remedies, AEDPA's statute of limitations might bar them from refiling a future petition in federal court.

---

[1] The Court handed down its decision on June 21, 2004, after briefing had been completed. Therefore, the specifics of the *Pliler* decision were not addressed in the briefs. Counsel for Holden did note in his brief that *certiorari* had been granted, and on July 28, 2004 filed an appropriate Fed. R. App. P. 28(j) letter informing this Court that the Supreme Court had vacated the Ninth Circuit's decision.

4

According to the Ninth Circuit, the failure to provide the *pro se* habeas petitioner in that case with such a warning deprived him of the opportunity to make a "meaningful" choice concerning his petition. *Id*. at 2445 (citation omitted). The Supreme Court disagreed. It held that district courts need not warn *pro se* litigants that AEDPA's statute of limitations might preclude them from filing any future petitions if they withdraw a timely petition. *Id*. at 2446. According to the Court, explaining habeas procedure and calculating the statute of limitations are tasks normally reserved for trained counsel, and "[r]equiring district courts to advise a *pro se* litigant in such a manner would undermine the district judges' role as impartial decisionmakers." *Id*.

This Court is bound by the holding in *Pliler* that no warning concerning the statute of limitations is required. It is easy to see how Holden, a *pro se* petitioner, might have been confused by the District Court's election notice, and how he might have thought the statute of limitations would not bar his resubmitted petition. Nevertheless, because the *Pliler* decision is controlling, we cannot say the District Court erred by giving the *Miller/Mason* election notice.[2]

B.

The District Court dismissed Holden's petition as untimely as part of its initial Rule 4 consideration. Holden asserts that the District Court lacked the authority to do so.

---

[2] As we note below, however, the District Court is free to consider whether the circumstances of this case call for equitable tolling. *See infra*, note 4.

5

We recently rejected that contention in our *en banc* decision *United States v. Bendolph*, 01-2468 (3d Cir. filed May 16, 2005). We held in *Bendolph* that a district court possesses the authority to raise AEDPA's statute of limitations *sua sponte* during its initial consideration of a petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *Id.* In so holding, we followed every other Court of Appeals to have considered the authority bestowed upon a district court by Rule 4. *See e.g., Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002); *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002); *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001); *Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir. 2000); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Thus, the district court did not err by raising the statute of limitations *sua sponte*.

We also held in *Bendolph*, however, that prior to a summary dismissal by the district court, a habeas petitioner must be afforded notice and an opportunity to be heard. *Bendolph*, 01-2468; *accord Hill*, 277 F.3d at 707 ("[W]e believe justice requires the district court to give the *pro se* § 2254 petitioner prior notice and an opportunity to respond."); *Scott*, 286 F.3d at 930; *Herbst*, 260 F.3d at 1043; *Acosta*, 221 F.3d at 121. As Holden points out, it may not be plainly apparent from the face of a petition—particularly from a *pro se* petitioner—whether the statute of limitations has run. (Holden Br. At 11). For instance, equitable tolling may be appropriate. *Cf. Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (holding AEDPA's statute of limitations is subject to equitable tolling). Thus, in order to ensure the accuracy of a holding that a

6

petition is time-barred, before a district court may summarily dismiss a habeas petition, it must afford a habeas petitioner notice and an opportunity to argue why the petition is timely. By failing to provide Holden with this procedural safeguard, the District Court erred.[3] We will reverse and remand for a hearing on the applicability of AEDPA's statute of limitations.[4]

### III.

The District Court did not err by giving Holden the *Miller/Mason* election notice. Nor did it err by considering AEDPA's statute of limitations *sua sponte*. It did err, however, by failing to afford Holden with notice and an opportunity to be heard before it summarily dismissed his habeas petition as untimely. Accordingly, we will reverse and remand for a hearing on the applicability of AEDPA's statute of limitations.

---

[3] The government's argument that the District Court's error was harmless because Holden could have been heard via a motion for reconsideration is without merit. That argument has been rejected by the Ninth Circuit. In *Herbst v. Cook*, 260 F.3d at 1044, the Court held "a motion for reconsideration is not an adequate substitute opportunity for a habeas petition to respond when a district court *sua sponte* dismisses the petition on the basis of untimeliness."

[4] On remand, the District Court may consider whether the giving of the *Miller/Mason* election notice constitutes grounds for equitable tolling. *Cf. Pliler*, 124 S.Ct. at 2448 (O'Connor, J., concurring) ("[I]f the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate.").