H. Stanley GASS; et al., Plaintiffs—Appellants,

v.

CWCAPITAL LLC, Defendant—Appellee.

No. 04–35167.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

606

H. Stanley Gass, Vancouver, WA, pro se.

Ute Lindsay Gass, Vancouver, WA, pro se.

Bonnie Hochman Rothell, Monica E. Monroe, Washington, DC, for Defendant–Appellee.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

H. Stanley Gass and Ute Lindsay Gass appeal pro se the district court's denial of their second motion to reconsider the dismissal of a promissory estoppel claim, denial of their motion for leave to file a second amended complaint, and grant of summary judgment on the claim of negligent misrepresentation in connection with the brokerage of a mortgage loan. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the denial of a motion to reconsider, *see Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.2001), and a motion for leave to amend, *see Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir.2002). We review de novo the grant of summary judgment. *See Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001). We affirm.

Appellants contend that appellee negligently misrepresented the amount of cash appellants would need at closing in order to borrow through appellee the funds necessary to construct an apartment complex. The district court correctly noted that the hypothetical financial scenario that appellee prepared, and that appellants relied upon to support their claim of promissory estoppel, was unsigned, subject to adjustment, and merely an application rather than a commitment to lend. Consequently, appellants did not show that appellee made a promise sufficient to support a claim for promissory estoppel. *See Jones v. Best,* 134 Wash.2d 232, 950 P.2d 1, 5 (1998). The district court did not abuse its discretion in denying appellants' second motion to reconsider because it fully reviewed the previously undocketed response to the motion to dismiss and properly found there was no manifest error in its earlier ruling.

The district court did not abuse its discretion in denying appellants' motion to file a second amended complaint because there was no factual basis for appellants' Racketeer Influenced and Corrupt Organizations Act ("RICO") and Washington Consumer Protection Act ("CPA") claims and appellants' attempts to include appellee's counsel as defendants in the RICO and CPA claims were futile, frivolous, and an abuse of process. *See Moore v. United Kingdom,* 384 F.3d 1079, 1088 (9th Cir.2004). Appellants' contention that the district court's denial of their motion to amend violated their first amendment right to petition the government is also without merit.

The district court properly granted summary judgment on appellants' claim of negligent misrepresentation because they have failed to raise a genuine issue of material fact to show that they suffered damages as a result of the purported misrepresentation. *See J & J Food Centers, Inc. v. Selig,* 76 Wash.2d 304, 456 P.2d 691, 695 (1969), cited in *Burgess v. Premier Corp.,* 727 F.2d 826, 833 (9th Cir.1984).

Appellants' remaining contentions lack merit.

AFFIRMED.