**Mark A. CHESBRO, Petitioner—Appellant,**

v.

**STATE of Idaho, Respondent—Appellee.**

**No. 05–35589.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2006.*

Decided June 27, 2006.

Mark A. Chesbro, Boise, ID, pro se.

L. Lamont Anderson, Esq., Agid—Office of the Idaho Attorney General, Boise, ID, for Respondent–Appellee.

Before: FERGUSON and CALLAHAN,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Circuit Judges, and BOLTON,** District Judge.

### MEMORANDUM ***

Mark A. Chesbro appeals from the district court's dismissal for lack of jurisdiction of his petition for a writ of habeas corpus. The lower court dismissed Chesbro's petition for failure to comply with the Anti–Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. 28 U.S.C. § 2244(d)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

The district court's dismissal of a habeas petition for untimeliness is reviewed de novo. *Herbst v. Cook,* 260 F.3d 1039, 1042 (9th Cir.2001).

Chesbro argues that his bi-polar disorder constitutes an extraordinary circumstance beyond his control which rendered him unable to file his petition in a timely manner, and he contends that the evidence presented to the district court warranted an evidentiary hearing on his equitable tolling claim.

A prisoner is entitled to equitable tolling of AEDPA's limitations period "only if extraordinary circumstances beyond [his] control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citations omitted). Mental incompetency has been considered such an extraordinary circumstance beyond the prisoner's control. *Calderon v. U.S. Dist. Court for Cent. Dist. of Cal. (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc) (overruled on other grounds by *Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003)). Therefore, the limitations period should be equitably tolled for Chesbro if his mental illness during the period at issue "ma[de] filing impossible." *Laws v. Lamarque,* 351 F.3d 919, 922–23 (9th Cir.2003). Chesbro bears the burden of showing that equitable tolling should apply to his case. *Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir. 2002).

We hold that Chesbro failed to establish mental incompetency, and that the district court therefore did not err by determining that Chesbro was not entitled to equitable tolling of the statute of limitations. The state court record, Chesbro's prison and medical records, and Chesbro's affidavit support the conclusion that while Chesbro was bi-polar, he had the ability to access information regarding AEDPA's limitations period and file a federal habeas petition during the relevant time period. *See Laws,* 351 F.3d 919, 922.

The district court also did not err by dismissing Chesbro's petition without calling for an evidentiary hearing. Chesbro failed to provide additional evidence to support his equitable tolling claim when invited to do so by the district court. He also failed to notify the district court about any trouble regarding discovery matters pertaining to his equitable tolling claim. On a sufficient factual record, the district court concluded correctly that Chesbro's bi-polar disorder did not make it impossible to file a timely federal habeas petition. *See id.* at 922–23.

The district court's judgment is AFFIRMED.

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.