**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINFRED HOWARD LAVIRGNE, | No. 09-17365 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00649-LKK-DAD |
| v. | |
| JAMES A. YATES, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted March 14, 2011[**]
San Francisco, California

Before: WALLACE, NOONAN, and CLIFTON, Circuit Judges.

Petitioner-Appellant Winfred Howard Lavirgne, a California state prisoner,

appeals from the district court's denial of his petition for a writ of habeas corpus.

We have jurisdiction pursuant to 28 U.S.C. § 2253.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Lavirgne's argument that he "had an absolute right to amend [his] habeas petition once" falls outside the scope of the certificate of appealability. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999) (per curiam).

We choose not to expand the scope of the certificate of appealability because Lavirgne has not demonstrated a "'substantial showing of the denial of a constitutional right.'" *Id.* at 1104, *quoting* 28 U.S.C. § 2253(c)(2). Prior to a summary dismissal by the district court, a habeas petitioner must be afforded notice and an opportunity to be heard. *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Lavirgne was given notice and an opportunity to be heard regarding the sua sponte dismissal of his habeas petition. In response, Lavirgne failed to present any colorable argument why the statute of limitations on his habeas petition should be tolled or how the statute of limitations was improperly calculated by the California Superior Court. Neither does he identify on appeal anything other than hypothetical speculation to support the proposition that his petition was not untimely. Lavirgne's argument that he must also be given an opportunity to amend his habeas petition has no support in the caselaw.

**AFFIRMED.**