UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID B. GRECU,

               Petitioner - Appellant,

  v.

M. S. EVANS, Warden,

               Respondent - Appellee.

No. 08-17452

D.C. No. 5:07-cv-00780-JF
Northern District of California,
San Francisco

ORDER

Before: SCHROEDER, RIPPLE,* and BEA, Circuit Judges.

Appellant's Petition for Panel Rehearing is GRANTED. The memorandum

disposition filed on August 11, 2011 is withdrawn. A new Memorandum

Disposition shall be filed simultaneously with this order.

---

    * The Honorable Kenneth F. Ripple, Senior Circuit Judge for the Seventh
Circuit, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID B. GRECU,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>M. S. EVANS, Warden,<br><br>               Respondent - Appellee. | No. 08-17452<br><br>D.C. No. 5:07-cv-00780-JF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted June 15, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,** and BEA, Circuit Judges.

David B. Grecu ("Grecu"), a California state prisoner, appeals the district

court's dismissal, on timeliness grounds, of his habeas corpus petition brought

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the
Seventh Circuit, sitting by designation.

pursuant to 28 U.S.C. § 2254. Mr. Grecu maintains that, with the benefit of statutory tolling during the pendency of his state habeas petitions and of equitable tolling following the Supreme Court of California's denial of his last state petition, his federal petition was timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). We initially affirmed the district court and denied relief. See Grecu v. Evans, No. 08-17452, 2011 WL 3510231 (9th Cir. Aug. 11, 2011). Mr. Grecu filed a petition for panel and rehearing en banc. We now grant Mr. Grecu's petition for panel rehearing. For the reasons set forth below, we reverse the judgment of the district court and remand for further proceedings.

**I**

Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision. Mr. Grecu filed his federal habeas petition on February 6, 2007. The district court advised the parties that Mr. Grecu's habeas petition appeared untimely and ordered the State to "file with the Court . . . a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted." R.11 at 4. Within the time set by the district court, the State filed a motion to dismiss. The

2

State's argument focused on the lapse of time between the denial of state postconviction relief by the Supreme Court of California and the filing of Mr. Grecu's federal habeas petition. In his response, Mr. Grecu argued that, during the relevant period, he was in administrative segregation and unable to direct the timely filing of his federal petition. He also noted that he had taken measures to ensure that his federal petition was timely filed even while he was in administrative segregation; specifically, Mr. Grecu had enlisted the assistance of attorney Paul Couenhoven to file his federal habeas petition. In its reply, the State argued that Mr. Grecu's late filing was the result of attorney error, which could not justify application of equitable tolling principles. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

On August 27, 2008, the district court granted the motion to dismiss, but not on the ground proffered by the State. Instead, the district court held that Mr. Grecu was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his state habeas petitions because his petition to the state appellate court had been untimely. Because the district court concluded that Mr. Grecu was not entitled to statutory tolling during the pendency of his state habeas filings, it

3

did not address whether equitable tolling should extend the time that Mr. Grecu had to file his federal habeas petition following the denial of his last state petition.

Mr. Grecu filed a motion for reconsideration in which he addressed the ground relied upon by the district court and stated that he could "explain and justify" the delay between the denial of his state superior court filing and his filing in the state appellate court, namely, he had been in administrative segregation and therefore had been unable to access his court files. R.28 at 1. The district court denied this motion as well on the ground that Mr. Grecu had not established any basis for reconsideration under Federal Rule of Civil Procedure 60(b) and had not "provide[d] any extraordinary reason justifying relief." ER 2.

We do not believe that the district court's dismissal of Mr. Grecu's petition can be squared with Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). In Herbst, we held: "'A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal. When dealing with a pro se petitioner, the court must make clear the procedural default at issue and the consequences for failing to respond.'" Id. at 1043 (emphasis added) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)). Notably, we also said that "a motion for reconsideration is inadequate as an opportunity to respond" because,

4

inter alia, "the bar that must be cleared in order to succeed upon reconsideration is higher than pre-dismissal." <u>Id.</u> at 1044.

Consequently, under our case law, Mr. Grecu never had an adequate "opportunity to respond to the argument" that formed the basis for the district court's judgment--the alleged untimeliness of his petition to the state appellate court. <u>See</u> <u>id.</u> at 1043 (internal quotation marks omitted). We therefore reverse the district court's judgment dismissing Mr. Grecu's petition, and we remand for further consideration of Mr. Grecu's claim that he was entitled to statutory tolling during the pendency of his state habeas petitions.

**II**

If the district court concludes that Mr. Grecu's state filings were timely, it also must address Mr. Grecu's equitable tolling argument with respect to the filing of his federal habeas petition. In <u>Holland v. Florida</u>, 130 S. Ct. 2549 (2010), the Supreme Court held that, under appropriate circumstances, AEDPA's one-year statute of limitations is subject to equitable tolling. The Court held that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Id.</u> at 2562 (quoting <u>Pace v.</u>

5

DiGuglielmo, 544 U.S. 408, 418 (2005)). "A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation marks and citation omitted).

Here, Mr. Grecu has made the necessary showing for a hearing on the issue of equitable tolling. Mr. Grecu has alleged that his placement in administrative segregation prevented him from personally filing his federal habeas petition. This court has recognized that the placement in administrative segregation may constitute an extraordinary circumstance for purposes of equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005). However, prior to Mr. Grecu's placement in segregation, he both prepared his federal petition and requested that Mr. Couenhoven--acting as a friend, but not as an attorney--file the petition as soon as the state supreme court issued its ruling. Finally, if, as Mr. Grecu alleges, he was not represented by counsel but was relying

on Mr. Couenhoven's "ministerial" services, then Mr. Grecu's own lack of access to his file was the obstacle preventing the timely filing of his federal petition.[1]

In sum, Mr. Grecu has alleged facts that, if established, may entitle him to equitable tolling of the time period after the state supreme court's denial of his state petition. Consequently, if the district court concludes that Mr. Grecu is entitled to statutory tolling, it also must hold an evidentiary hearing on Mr. Grecu's claim to equitable tolling. See Roy, 465 F.3d at 975 (discussing the role of the district court in evaluating conflicting evidence presented with respect to the issue of equitable tolling).

**REVERSED AND REMANDED.**

---

[1] Even if the district court were to find that Mr. Couenhoven was Mr. Grecu's counsel for purposes of filing his federal habeas petition, this fact standing alone would not preclude equitable tolling. "Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Holland v. Florida, 130 S. Ct. 2549, 2568 (2010) (Alito, J., concurring in part and in the judgment). Whether there was any neglect by Mr. Couenhoven in this role, and whether this neglect constitutes misconduct that qualifies as an "extraordinary circumstance," see id. at 2564 (majority opinion) (noting that, although "a garden variety claim of excusable neglect . . . does not warrant equitable tolling," nevertheless "serious instances of attorney misconduct" may qualify as "extraordinary circumstances" that justify application of equitable tolling) (internal quotation marks and citation omitted), would be matters for the district court to determine on remand.