**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: ONECAST MEDIA, INC. dba
Seasonticket.com,
                                    *Debtor.*

FIRST AVENUE WEST BUILDING,
LLC; FIRST WEST BUILDING 00,
LLC,
                                    *Appellants,*

            v.

NANCY JAMES, in her capacity as
Chapter 7 Trustee of Bankruptcy
Estate of Onecast Media, Inc. dba
Seasonticket.com and Comerica
Bank – California,
                                    *Appellee.*

No. 04-35324

D.C. No.
CV-03-02811-TSZ

OPINION

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted
December 6, 2005—Seattle, Washington

Filed February 23, 2006

Before: Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and William W Schwarzer,* Senior District Judge.

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

1965

Opinion by Judge Schwarzer

## COUNSEL

John R. Rizzardi and John R. Knapp, Cairncross & Hempelmann, P.S., Seattle, Washington, for the appellants.

Andrew A. Guy, Stoel Rives LLP, Seattle, Washington, for the appellee.

## OPINION

SCHWARZER, Senior District Judge:

OneCast Media, Inc. (OneCast) held a lease for office space in a building owned by First Avenue West Building, LLC, later acquired by First West Building 00, LLC (the Landlord). The lease was secured by a substantial security deposit comprised of cash and a letter of credit. In November 2000, OneCast ceased paying rent and filed for bankruptcy. Nancy James was appointed bankruptcy trustee for the estate (Trustee) and rejected the lease. The Landlord drew down the letter of credit and retained the proceeds as a security deposit. In an adversary proceeding in bankruptcy court, the Trustee sought to recover the remaining security deposit. The court ruled that to the extent the claim sought recovery of the portion of the security deposit secured by the letter of credit, the letter of credit was not property of the bankruptcy estate and therefore not within the bankruptcy court's jurisdiction. The Trustee moved for reconsideration, which the bankruptcy court denied. The Trustee then appealed to the district court and that court reversed and remanded to the bankruptcy court to permit the Trustee to pursue recovery of damages up to the full amount of the security deposit, including the letter of credit. This appeal by the Landlord from the district court's order followed. For the reasons stated below, we affirm.

## STANDARD OF REVIEW

"We review de novo a district court's decision on appeal from a bankruptcy court." *In re Dawson*, 390 F.3d 1139, 1145 (9th Cir. 2004). "[W]e review the bankruptcy court's decision independently and give no deference to the district court's

determinations." *Id.* A bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. *In re Kaypro*, 218 F.3d 1070, 1073 (9th Cir. 2000). A court abuses its discretion in denying a motion to reconsider if the underlying decision "involved a clear error of law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).

## I.  TIMELINESS OF THE MOTION TO RECONSIDER

At the bankruptcy court trial in July 2002, that court ruled that "the letter of credit and its proceeds were never property of the estate." It went on to find that on the facts the Trustee was not entitled to any of the cash security deposit. It issued no order or judgment on its rulings but directed counsel for the Landlord to prepare and present orders.[1] This was never done. The bankruptcy court docket reflects the oral rulings made by the bankruptcy judge, but no written judgment or orders were ever entered. On March 10, 2003, almost eight months after the court's ruling, the Trustee filed a motion for reconsideration in the bankruptcy court, arguing that the ruling excluding the letter of credit from the estate was manifest error. The Trustee explained that she had been waiting for the Landlord's attorney to prepare an order from which to seek reconsideration, but as no order had been submitted, the Trustee based the motion on the court's oral ruling. On August 5, 2003, the court denied the motion. On August 15, the Trustee filed a notice of appeal to the district court.[2] We

---

[1] The Western District of Washington's Bankruptcy Local Rule 9021-1 provides that "[u]nless the court directs otherwise, all orders, findings of fact and conclusions of law, and judgments shall be prepared by the prevailing party."

[2] The Trustee appealed both the July 2002 ruling and the denial of the motion to reconsider to the district court. The district court found that it lacked jurisdiction over the July 2002 ruling because no written order setting forth the judgment had been entered. The Trustee does not challenge that determination on appeal to this Court. Accordingly, we limit our analysis to the motion to reconsider, which formed the basis for the district court's decision.

raised the issue of the timeliness of the motion to reconsider sua sponte at oral argument, neither party having raised the issue in briefs or oral argument.

**[1]** A timely motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e). *See Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983); *see also* FED. R. BANKR. P. 9023 (applying Rule 59 to bankruptcy cases). A Rule 59(e) motion must be filed within ten days after entry of judgment. *See also* W.D. WASH. BANKR. R. 9013-1(h) (stating that such motions must be filed within ten days after entry of judgment or order). Here, no written judgment or order was entered and the motion for reconsideration was filed almost eight months after the bankruptcy court's oral ruling.

Federal Rule of Civil Procedure 58 defines when entry of judgment has occurred. *See also* FED. R. BANKR. P. 9021 (applying Rule 58 to bankruptcy proceedings). At the time of the bankruptcy court's ruling and until December 1, 2002, Rule 58 did not limit the time for filing a motion for reconsideration when no separate written judgment has been entered. *See Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189-90 (9th Cir. 1989) (holding that a notation on the docket indicating court's decision, without a separate written order or judgment, did not start time for post-judgment motion). On December 1, 2002, an amendment of Rule 58 took effect, providing that where no separate written judgment was entered, the entry of judgment would occur "when 150 days have run from entry in the civil docket under Rule 79(a)." FED. R. CIV. P. 58(b)(2)(B). The court's ruling that it lacked jurisdiction over the letter of credit claim was entered on the bankruptcy docket on August 6, 2002. The motion to reconsider, filed March 10, 2003, was therefore untimely under the amended Rule.

The order of the Supreme Court amending Rule 58 states the amendment "shall govern in all proceedings in civil cases

thereafter commenced and, insofar as just and practicable, all proceedings then pending." 207 F.R.D. 50, 53 (2002). Ordinarily, we would proceed to determine whether application of the amended Rule to this case is just and practicable. *See In re Kaypro*, 218 F.3d at 1077; *Schroeder v. McDonald*, 55 F.3d 454, 459-60 (9th Cir. 1995).[3]

[2] Here, however, there is no need to consider the application of Rule 58 as amended to this case. Under *Kontrick v. Ryan*, 540 U.S. 443 (2004), time constraints contained in the bankruptcy rules are claim-processing rules and do not affect federal subject matter jurisdiction. In *Kontrick*, a creditor failed to object to the debtor's discharge within the sixty-day time limit set by Federal Rule of Bankruptcy Procedure 4004. *Id.* at 456-57. Rule 9006 allows extension of the Rule 4004 time limit only to the extent permitted by Rule 4004. When the creditor in *Kontrick* did raise an objection, the debtor responded by addressing the merits of the objection, and did not raise the timeliness issue until later. *Id.* at 449, 451. The Court held that the rule limiting the time for filing an objection was a claim-processing rule that did not implicate subject matter jurisdiction and that the debtor's failure to timely assert it resulted in a forfeiture under the rule.[4] *Id.* at 456-59. Rule 59 is as much a claim-processing rule as the rule at issue in *Kontrick*. *See also Eberhart v. United States*, 126 S. Ct. 403, 407 (2005) (holding that the time limit to move for a new trial under Federal Rule of Criminal Procedure 33(b)(2) is claim-processing rule forfeited by government's failure to timely raise it); *Brickwood Contractors, Inc. v. Datanet*

---

[3]In *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1080-81 (9th Cir. 2005), the court, without discussion, applied the 150-day rule to a pending case and found that the notice of appeal had been timely filed.

[4]"Characteristically, a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Kontrick*, 540 U.S. at 456.

*Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir. 2004) (en banc) (finding that Rule 11's safe harbor provisions are claim-processing rules that are forfeited if not timely raised).

**[3]** As neither the amendment to Rule 58, nor any timeliness challenge to the motion for reconsideration was raised by the Landlord in its briefs, we consider the timeliness issue forfeited.

## II.   REJECTION OF THE LEASE

The Landlord contends that the Trustee's rejection of the lease eliminated any rights of the Trustee under the lease and removes it from the bankruptcy estate and thus from the jurisdiction of the bankruptcy court. This contention is beside the point. The Trustee's suit is for the Landlord's breach of the lease based on its retention of funds from the security deposit, after drawing down the letter of credit, to which it was not entitled.

**[4]** Section 365 of the Bankruptcy Code provides that a trustee may assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365(a) (2000). A rejection of an unexpired lease removes the lease from the bankruptcy estate, and "constitutes a breach of such contract or lease" that is effective immediately before the petition for bankruptcy. § 365(g). " '[R]ejection of an executory contract serves two purposes. It relieves the debtor of burdensome future obligations while he is trying to recover financially and it constitutes a breach of a contract which permits the other party to file a creditor's claim.' " *In re Rega Props., Ltd.*, 894 F.2d 1136, 1140 (9th Cir. 1990) (quoting *In re Norquist*, 43 B.R. 224, 225 (Bankr. E.D. Wash. 1984)); *see also In re Pac. Express, Inc.*, 780 F.2d 1482, 1486 n.3 (9th Cir. 1986).

**[5]** While rejection of a lease prevents the debtor from obtaining future benefits of the lease (such as ongoing possession of leased premises), it does not rescind the lease or defeat

any pending claims or defenses that the debtor had in regard to that lease. *See* 3 COLLIER ON BANKRUPTCY § 365.09[1] (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. 2005) ("Rejection does not . . . affect the parties' substantive rights under the contract or lease, such as the amount owing or a measure of damages for breach and does not waive any defenses to the contract.").

> According to 11 U.S.C. § 365(g), the rejection of Debtor's unexpired lease constitutes a pre-petition breach of the lease agreement leaving Creditor with potential remedies under applicable state law. The statutory breach of contract simply put the estate in the position of a breaching party to the executory contract. Rejection under the Bankruptcy Code did not divest the estate from the breaching party's rights under the terms of the contract and applicable state law.

*In re Thompson-Mendez*, 321 B.R. 814, 819 (Bankr. D. Md. 2005); *see also In re G.I. Indus., Inc.*, 204 F.3d 1276, 1281-82 (9th Cir. 2000) (allowing the debtor, after rejection, to raise the invalidity of the contract as a defense to creditor's claims); *In re Murphy*, 694 F.2d 172, 174 (8th Cir. 1982) ("rejection of an executory contract in accordance with applicable provisions of the Bankruptcy Act is not the equivalent of rescission"); *In re Lavigne*, 183 B.R. 65, 72 (Bankr. S.D.N.Y. 1995). The rejection of the lease here does not bar the Trustee's breach of contract action to recover the balance of the security deposit.

## III.   LETTER OF CREDIT

The district court held that the bankruptcy court erred in its July 2002 ruling, and therefore abused its discretion when it denied the motion to reconsider. On appeal, the Landlord contends that the district court erred in reaching the merits of the bankruptcy court's July 2002 ruling and not limiting its analy-

sis to the motion to reconsider. We disagree. While the denial of a motion to reconsider is reviewed for abuse of discretion, a court abuses its discretion if the legal conclusions underlying the court's determination are clearly erroneous. *McDowell*, 197 F.3d at 1255.

**[6]** Letter of credit transactions involve three relationships: that of the bank to its customer who purchases the letter of credit; that of the bank to the beneficiary to whom it makes a promise to pay; and finally, that between the customer and the beneficiary. *See Kenney v. Read*, 997 P.2d 455, 458 (Wash. Ct. App. 2000). Under the so-called principle of independence, each of those three transactions must be treated separately. 1 RICHARD A. LORD, WILLISTON ON CONTRACTS § 2:23 (4th ed. 1999). This case does not involve the first two relationships. There is no issue concerning the bank's performance under the letter of credit. Indeed, the Landlord, the beneficiary, has drawn down the full amount of the letter of credit. What is at issue here is simply the controversy between the Landlord and the Trustee over how much of the funds held by the Landlord it is entitled to retain. Following One-Cast's default under the lease, the Landlord drew down the entire letter of credit as the security deposit. The Trustee now seeks to recover so much of the security deposit as exceeded the Landlord's damages. The Trustee's interest in those funds is property of the estate, 11 U.S.C. § 541(a)(1) (2000), and thus within the bankruptcy court's jurisdiction. *In re Kaiser Group Int'l Inc.*, 399 F.3d 558, 566 (3d Cir. 2005); *In re Graham Square, Inc.*, 126 F.3d 823, 828 (6th Cir. 1997) ("It is one thing to attempt to prevent the distribution of the proceeds of a letter of credit, an attempt the doctrine of independence is designed to prevent; but it is quite another to bring an action on the underlying contract that created the letter of credit."); *In re Papio Keno Club, Inc.*, 247 B.R. 453, 460 (B.A.P. 8th Cir. 2000) ("The fact that Debtor seeks the return of funds that are proceeds of a letter of credit does not negate the breach of contract claim on the underlying obligation.").[5]

---

[5]The cases cited by the Landlord are not apposite. All involved situations where a debtor or trustee challenged or sought to enjoin payment by

Because the bankruptcy court committed clear error in holding that it had no jurisdiction, its denial of the motion to reconsider was an abuse of discretion. *See McDowell*, 197 F.3d at 1255.

## CONCLUSION

For the reasons stated, the district court's order is AFFIRMED.

---

the bank to the beneficiary. *In re Compton Corp.*, 831 F.2d 586, 589 (5th Cir. 1987) ("a bankruptcy trustee is not entitled to enjoin a post-petition payment of funds under a letter of credit from the issuer to the beneficiary, because such a payment is not a transfer of debtor's property"), *modified on reh'g*, 835 F.2d 584 (5th Cir. 1988); *In re Page*, 18 B.R. 713, 716 (D.D.C. 1982); *In re Farm Fresh Supermarkets of Md., Inc.*, 257 B.R. 770, 772 (Bankr. D. Md. 2001) (challenging validity of post-petition draw on letter of credit); *In re Baja Boats, Inc.*, 203 B.R. 71, 74 (Bankr. N.D. Ohio 1996) ("A trustee cannot enjoin the post-petition payment of a letter of credit because such a payment is not a transfer of the debtor's property."); *In re Ill.-Cal. Express, Inc.*, 50 B.R. 232, 234-35 (Bankr. D. Colo. 1985) (arguing that draw on letter of credit violated automatic stay).