**In the Matter of: Amr MOHSEN, Debtor,**

**Amr Mohsen, Appellant,**

v.

**United States Trustee, Appellee.**

No. 07–16016.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed April 3, 2009.

Amr Mohsen, Lompoc, CA, pro se.

Shannon L. Mounger, Esq., Office of the U.S. Trustee, San Jose, CA, for Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Amr Mohsen appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order converting his Chapter 11 petition to

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Therefore, Mohsen's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Chapter 7 pursuant to 11 U.S.C. § 1112(b), rather than dismissing it. Mohsen also appeals from the order denying his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the decision of the BAP de novo, and the bankruptcy court's decision to convert under § 1112(b) for abuse of discretion. *Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806–07 (9th Cir.2001). We affirm.

■ Contrary to Mohsen's contention, the bankruptcy court applied the proper legal standard in deciding whether to convert or dismiss his petition. *See* 11 U.S.C. § 1112(b) ("[T]he court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate . . . ."). The bankruptcy court did not abuse its discretion by converting the case because the evidence supports its finding that conversion was in the best interest of all the creditors and the estate. *See In re Consol. Pioneer Mortg. Entities*, 264 F.3d at 806–07 (stating that a decision to convert "will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision") (alteration in original) (internal quotation marks omitted).

■ The bankruptcy court did not abuse its discretion by denying Mohsen's motion for reconsideration because the motion failed to show that the court clearly erred in rendering the underlying decision. *See First Ave. West Bldg., LLC v. James (In re Onecast Media)*, 439 F.3d 558, 561 (9th Cir.2006) (stating that a court abuses

its discretion by denying a motion for reconsideration if its decision involved clear error).

Mohsen's remaining contentions are unpersuasive.

**AFFIRMED.**