**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: CHRISTOPHER B. PHILLIPS, pro se, <br><br> Debtor. <br><br>———————————————— <br><br> CHRISTOPHER B. PHILLIPS, pro se, <br><br> Appellant, <br><br> v. <br><br> NANCY L. JAMES; STANDARD INSURANCE COMPANY, <br><br> Appellees. | No. 10-35705 <br><br> D.C. No. 2:09-cv-01399-TSZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Christopher B. Phillips, a Chapter 7 debtor, appeals pro se from the district court's judgment affirming the bankruptcy court's orders approving the trustee's settlement agreement with Standard Insurance Company ("Standard") and denying Phillips's claim of exemption in disability insurance income. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion the bankruptcy court's approval of a settlement agreement. *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380 (9th Cir. 1986). We affirm.

The bankruptcy court did not abuse its discretion by approving the settlement agreement. *See In re A & C Props.*, 784 F.2d at 1380-81 (approval of a compromise is not an abuse of discretion where the record contains a factual foundation establishing that the compromise was fair, reasonable, and adequate). Even assuming that the trustee could fairly be said to have rejected assumption of Phillips's executory contract with Standard, Phillips's contention that the trustee therefore had no legal authority to enter into the settlement agreement with Standard is unpersuasive. *See* 11 U.S.C. § 541(a)(1) (estate generally includes all of debtor's legal interests as of commencement of bankruptcy case); *see also First Ave. West Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 563 (9th Cir. 2006) (trustee's rejection of executory contract merely constitutes breach of

contract and does not divest estate of a breaching party's normal rights under terms of contract and applicable state law).

We do not consider Phillips's appeal of the order denying his claimed exemption because Phillips, who has a law degree, failed to argue the issue in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (refusing to consider matters on appeal that were not specifically and distinctly raised and argued in appellant's opening brief).

Phillips's remaining contentions are unpersuasive.

**AFFIRMED.**

10-35705