**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In the Matter of: **MICHAEL T. KEYS**, Debtor, | No. 10-56114 |
| | D.C. No. 2:08-cv-05652-GW |
| **CHARLENE VAN DEUSEN**, Appellant, | **MEMORANDUM**[*] |
| v. | |
| **MICHAEL T. KEYS**, Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **TROTT** and **THOMAS**, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

A state court imposed a lien on Keys's home in Oxnard, California ("Oxnard home"). The bankruptcy court avoided the lien pursuant to 11 U.S.C. § 522(f)(1), and the district court affirmed. Van Deusen appeals.

**1.** A debtor may avoid a lien under section 522(f)(1) unless it arose before or at the same time as the debtor acquired the property interest at issue. Farrey v. Sanderfoot, 500 U.S. 291, 296 (1991). Keys purchased the Oxnard home in 1998 and the Superior Court imposed the lien in 2007. Therefore, he "possessed the interest to which the lien fixed, before it fixed." Id. at 299.

Van Deusen argues that Farrey applies because the conduct that gave rise to the lien occurred before Keys purchased the Oxnard home. A lien created under California law sometimes "relates [back] to the time it was created by the conduct of the parties," Hise v. Superior Court, 134 P.2d 748, 755 (Cal. 1943), but not here. Like the district court, we're not aware of any "case . . . in which a bankruptcy court, district court, or the Ninth Circuit has applied the Hise rule in the context of lien avoidance under § 522(f), as opposed to the context of acknowledging . . . the bankruptcy court's own ability to impose an equitable lien." Van Deusen v. Keys (In re Keys), No. 08-5652-GW, 2010 WL 2730904, at *3 (C.D. Cal. July 2, 2010) (footnote omitted).

**2.**  Van Deusen offers no authority that establishes an unjust enrichment exception to section 522(f)(1).  We may not create new common law exceptions to statutory rules—especially those designed to give debtors a fresh start.  <u>See</u> <u>Webber</u> v. <u>Credithrift of Am., Inc.</u> (<u>In re Webber</u>), 674 F.2d 796, 798 (9th Cir. 1982).

**3.**  The bankruptcy court didn't abuse its discretion in denying Van Deusen's motion for reconsideration.  <u>See</u> <u>First Ave. W. Bldg., LLC</u> v. <u>James</u> (<u>In re Onecast Media, Inc.</u>), 439 F.3d 558, 561 (9th Cir. 2006).

**AFFIRMED.**