

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: AMR MOHSEN,<br><br>            Debtor,<br><br>——————————————<br><br>AMR MOHSEN,<br><br>            Appellant,<br><br>   v.<br><br>CAROL WU, Chapter 7 Trustee,<br><br>            Appellee. | No. 11-60013<br><br>BAP No. 09-1159<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Kirscher, and Saltzman, Bankruptcy Judges, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.

Amr Mohsen appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's orders denying Mohsen's motion to set aside the default judgment against corporate entity defendants and his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review for an abuse of discretion a denial of a motion for reconsideration, *First Ave. W. Bldg. LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 561 (9th Cir. 2006), and a denial of a motion to set aside default judgment, *Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion in denying Mohsen's motions because Mohsen is not an attorney and therefore cannot represent the named corporate entities. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." (alteration, citation, and internal quotation marks omitted)).

Moreover, Mohsen lacks standing to defend against the complaint as a shareholder or as an alter ego of the named corporate entities. *See Moneymaker v.*

*Coben (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) ("[T]he debtor's assets and claims pass to the trustee, making the trustee the proper party in interest and the only party with standing to appeal the bankruptcy court's order." (citation and internal quotation marks omitted)); *Communist Party v. 522 Valencia, Inc.*, 41 Cal. Rptr. 2d 618, 626 (Ct. App. 1995) (alter ego liability "is not a doctrine that allows the persons who actually control the corporation to disregard the corporate form"); *see also Goodrich v. Briones (In re Schwarzkopf)*, 626 F.3d 1032, 1037 (9th Cir. 2010) (state law determines whether alter ego liability applies).

Mohsen's contention that Wu lacks standing is unpersuasive.

Mohsen's motion to strike Wu's answering brief is denied.

**AFFIRMED.**