ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| U.S. Coating Specialties & Supplies, LLC ) | ASBCA No. 58245 |
| ) | |
| Under Contract No. W912EE-10-C-0019 ) | |

APPEARANCE FOR THE APPELLANT:      Louis H. Watson, Jr., Esq.
                                                                    Watson & Norris, PLLC
                                                                    Jackson, MS

APPEARANCES FOR THE GOVERNMENT:   Thomas H. Gourlay, Jr., Esq.
                                                                    Engineer Chief Trial Attorney
                                                                  John M. Breland, Esq.
                                                                  Daniel L. Egger, Esq.
                                                                    Engineer Trial Attorneys
                                                                    U.S. Army Engineer District, Vicksburg

OPINION BY ADMINISTRATIVE JUDGE DICKINSON
ON THE GOVERNMENT'S AMENDED MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

Appellant, U.S. Coating Specialties & Supplies, LLC (U.S. Coating), appeals
pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109, from the
government's termination of the captioned contract for default. The government moves
to dismiss the appeal on various grounds and, alternatively, moves for summary
judgment. Appellant opposes the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 21 June 2010, the Vicksburg Contracting Office of the United States Army
Corps of Engineers (Corps) awarded Contract No. W912EE-10-C-0019 to U.S. Coating
in the amount of $11,383,000 for the construction of a U.S. Army Engineer Research and
Development Center Information Technology Laboratory office building and computer
facility (R4, tab 3 at 5-6).

2. The contract included the standard Federal Acquisition Regulation (FAR)
default clause, FAR 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984),
which provided, in pertinent part:

> (a) If the Contractor refuses or fails to prosecute the work or
> any separable part, with the diligence that will insure its
> completion within the time specified in this contract including

any extension, or fails to complete the work within this time, the Government may, by written notice to the Contractor, terminate the right to proceed with the work (or the separable part of the work) that has been delayed....

....

(c) If, after termination of the Contractor's right to proceed, it is determined that the Contractor was not in default, or that the delay was excusable, the rights and obligations of the parties will be the same as if the termination had been issued for the convenience of the Government.

(R4, tab 3 at 133-34)

3. On 13 January 2012, during performance of the contract, U.S. Coating filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi (Bankruptcy Court) (R4, tab 4).

4. Travelers Casualty and Surety Company of America (Travelers), U.S. Coating's surety for the contract, filed two motions in the Bankruptcy Court on 24 February 2012. Travelers filed a motion to lift the automatic stay, imposed by 11 U.S.C. § 362, to allow Travelers to enforce its rights under a General Agreement of Indemnity between Travelers and U.S. Coating (R4, tab 5). Travelers also filed a motion to compel rejection of the contract or, alternatively, to compel U.S. Coating to assume or reject the contract pursuant to 11 U.S.C. § 365 within ten days (supp. R4, tab 1).

5. On 13 March 2012, the United States filed a response joining Travelers' motion seeking relief from the automatic stay to allow the government to terminate the contract and to arrange for completion of the project pursuant to FAR Part 49 (R4, tab 6). The United States also filed a response in support of Travelers' motion to compel rejection of the contract on 13 March 2012 (supp. R4, tab 2).

6. The Bankruptcy Court issued an order on 30 March 2012, directing U.S. Coating to file a motion to assume or reject the contract by 4:30 p.m. on 13 April 2012, and setting a trial on any such motion for 26 April 2012 (supp. R4, tab 4).

7. On 17 April 2012, with permission from the Bankruptcy Court (*see* R4, tab 20 at 45), U.S. Coating filed a motion to assume the contract pursuant to 11 U.S.C. § 365 (R4, tab 9). Travelers filed its objection to U.S. Coating's motion to assume the contract on 16 April 2012 (R4, tab 10). The United States filed a response on 20 April 2012 demanding proof at trial of U.S. Coating's ability to assume the contract (R4, tab 12).

2

8. Prior to the scheduled 26 April 2012 trial, the parties advised the Bankruptcy Court that the issues had been settled and submitted a proposed order to that effect (R4, tab 20 at 45). The Bankruptcy Court issued an order on 25 April 2012 finding that cause existed to grant Travelers and the Corps relief from the automatic stay, that the motion to assume should be denied, and that the contract should be deemed rejected. Accordingly, the Bankruptcy Court ordered that "the Contract is hereby rejected as a matter of law," and that "the automatic stay is hereby terminated in favor of the Corps and Travelers." The order did not expressly address termination of the contract by the Corps. (R4, tab 13)

9. Following the issuance of the Bankruptcy Court's order, the Corps' contracting officer issued a final decision, dated 25 April 2012, terminating the contract for default on the basis that U.S. Coating's consent to the rejection of the contract constituted anticipatory repudiation of the contract (R4, tab 2).

10. On 30 April 2012, U.S. Coating filed a motion in the Bankruptcy Court to vacate the 25 April 2012 order. In its motion, U.S. Coating asserted that its consent to the proposed order was based on representations by the Assistant United States Attorney that the Corps would terminate the contract for "reasons other than default." (R4, tab 15) Both the United States and Travelers filed responses in opposition to U.S. Coating's motion to vacate the 25 April 2012 order (R4, tabs 16, 17).

11. The Bankruptcy Court held a hearing on U.S. Coating's motion to vacate, in which the United States participated, on 17 May 2012. The sole witness at the hearing, Mr. Earl J. Washington, U.S. Coating's president and CEO, testified that he had attempted to meet with the contracting officer to discuss bringing on a new subcontractor to assist with completion of the contract, but that the contracting officer stated that she could not discuss the issue while the automatic stay remained in place. Mr. Washington further testified that his agreement to the proposed order was based on his understanding that such an order was necessary to proceed with negotiations with the Corps to allow the addition of the subcontractor to assist U.S. Coating in completing the contract. (R4, tab 20 at 23-30) Mr. Washington also testified that "I have not consented to any termination, and I will not consent to any termination" (id. at 33). Prior to Mr. Washington's testimony, the Bankruptcy Court noted that the 25 April 2012 order was silent on how the contract would be terminated and inquired of Mr. Jeff Regner, counsel appearing on behalf of the United States and the Corps, what recourse is available to a party that disagrees with a termination. Mr. Regner responded that a contractor that is unsatisfied with a termination for default can maintain an action before the Court of Federal Claims or the Board of Contract Appeals, and that "if the contracting officer has done the wrong thing here[,] there is an opportunity for this debtor to obtain relief from -- from that decision." (R4, tab 20 at 18-20)

12. Ruling from the bench, the Bankruptcy Court denied U.S. Coating's motion to vacate the 25 April 2012 order. The Bankruptcy Court found that U.S. Coating, through

3

counsel, "sign[ed] off" on the simple and unambiguous order. Although the Bankruptcy Court did not doubt Mr. Washington's testimony, the Bankruptcy Court determined that it was about the "aftermath of the rejection" and was insufficient to meet the standard to set aside an order under FED. R. CIV. P. 60(b)(1) or 60(b)(6). The Bankruptcy Court did not address the propriety of the termination of the contract for default. The Bankruptcy Court noted that U.S. Coating retained its rights under the contract, but questioned the court's authority to adjudicate such matters in light of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and suggested that U.S. Coating would need to pursue its rights in other fora. (R4, tab 20 at 47-49) The same day, following the hearing, the Bankruptcy Court issued a written Final Judgment denying U.S. Coating's motion to vacate for the reasons stated in open court (R4, tab 19).

13. On 20 July 2012, U.S. Coating filed a timely notice of appeal from the termination of the contract for default, which the Board docketed as ASBCA No. 58245.

14. On 15 February 2013, the government filed its initial motion to dismiss or, in the alternative, for summary judgment.

15. On 31 July 2013, with leave of the Board, U.S. Coating filed an amended complaint. Appellant's amended complaint alleges racial animus on behalf of the contracting officer, and that the termination of the contract for default was contrary to the parties' agreement that the Corps would terminate the contract for convenience and which led to the 25 April 2012 Bankruptcy Court order (am. compl. ¶¶ 7-9, 16-20). Appellant therefore seeks to convert the default termination to a termination for the convenience of the government (am. compl. ¶ 22). In addition, appellant's amended complaint asserts numerous affirmative claims seeking unspecified monetary damages, including, but not limited to: breach of contract, tortious interference with business and/or contractual relations, violations of the Fourteenth Amendment and the civil rights statutes (42 U.S.C. §§ 1981, 1983, 1985, 1986), negatively impacting the project schedule, and adding unnecessary costs to the project (am. compl. ¶¶ 23-48).

16. In light of the amended complaint, the government filed an amended motion to dismiss or, in the alternative, for summary judgment. Appellant opposed the amended motion, and the government filed a reply.

17. Appellant submitted the affidavits, under penalty of perjury, of Mr. Washington, Ms. Velma Day, and Mr. Alden Brooks with its opposition to the government's motion. Mr. Washington and Mr. Brooks stated that discussions concerning terminating the contract for convenience took place on 24 April 2012 between themselves and counsel for the parties. (App. opp'n, exs. A, B, D) Mr. Brooks stated that he understood the parties to have agreed to terminate the contract for convenience (app. opp'n, ex. D). Mr. Washington stated that his consent to the subsequent order was based upon the Corps' termination of U.S. Coating's contract for convenience (app. opp'n, ex. A).

4

## DECISION

*Jurisdiction*

The government argues that the appeal should be dismissed because the "Amended Complaint has failed to appeal or even mention a contracting officer's Decision" (gov't am. mot. at 5). The Board's jurisdiction under the CDA is predicated upon either a contracting officer's decision on, or deemed denial of, a written claim by the contractor or a contracting officer's decision asserting a government claim against the contractor. 41 U.S.C. § 7103; *Connectec Co.*, ASBCA No. 57546, 11-2 BCA ¶ 34,797 at 171,258. Accordingly, we have held that it is the claim, not the complaint, that determines the Board's jurisdiction. *Puget Sound Environmental Corp.*, ASBCA Nos. 58827, 58828, 14-1 BCA ¶ 35,585 at 174,371; *Alderman Building Co.*, ASBCA No. 58082, 13 BCA ¶ 35,381 at 173,619; *see also Lockheed Martin Aircraft Center*, ASBCA No. 55164, 07-1 BCA ¶ 33,472 at 165,933 ("The scope of the appeal, and our jurisdiction, are determined 'by the parameters of the claim, the [contracting officer's] decision thereon, and the contractor's appeal therefrom.'") (citations omitted). It is well settled that a termination for default is a government claim. *Malone v. United States*, 849 F.2d 1441, 1443 (Fed. Cir. 1988); *Amina Enterprise Group, LTD*, ASBCA Nos. 58547, 58548, 13 BCA ¶ 35,376 at 173,580. U.S. Coating timely appealed the contracting officer's final decision terminating the contract for default (SOF ¶ 13). The Board therefore has jurisdiction to consider the propriety of the government claim for default termination.

The affirmative claims asserted in U.S. Coating's amended complaint are another matter. The parties debate the Board's jurisdiction over the various types of claims asserted in appellant's amended complaint (SOF ¶ 15; gov't am. mot. at 5; app. opp'n at 5-8). We do not reach those issues. The linchpin of the Board's jurisdiction over a contractor claim is the contractor's submission of its claim to the contracting officer for decision. *MACH II*, ASBCA No. 56630, 10-1 BCA ¶ 34,357 at 169,673. The Board lacks jurisdiction over claims raised for the first time on appeal. *Optimum Services, Inc.*, ASBCA No. 57575, 13 BCA ¶ 35,412 at 173,726; *The Public Warehousing Co.*, ASBCA No. 56022, 11-2 BCA ¶ 34,788 at 171,227. Appellant's amended complaint asserts various affirmative claims for which it seeks unspecified damages (SOF ¶ 15). There is no evidence that U.S. Coating submitted any of its affirmative claims, stated in a sum certain or otherwise, to the contracting officer for decision. U.S. Coating's failure to do so deprives the Board of jurisdiction to consider these claims. Accordingly, we strike paragraphs 23 through 48 of appellant's amended complaint.

*The Bankruptcy Court's Rejection of the Contract*

The remainder of the government's amended motion to dismiss focuses on the Bankruptcy Court's rejection of the contract. The government's amended motion is

5

largely premised on its interpretation of appellant's amended complaint as contending that "Appellant did not reject the contract during bankruptcy proceedings" and that "the 25 April 2012 Order and 17 May 2012 Final Judgment are invalid." (Gov't am. mot. at 6, 8) The government argues that the Bankruptcy Court has exclusive jurisdiction to consider assumption or rejection of executory contracts (gov't am. mot. at 8-9). The government further argues appellant is precluded from relitigating the issue of rejection of the contract under the doctrines of collateral estoppel and *res judicata* (gov't am. mot. at 9-11).

The government's arguments miss the mark.[*] Although the amended complaint is not a model of clarity, the government's premise that appellant is challenging the validity of the Bankruptcy Court's rejection of the contract finds no support in the language of the amended complaint. We do not read appellant's amended complaint as challenging the validity of the Bankruptcy Court's rejection of the contract. We read the allegations in the amended complaint regarding the circumstances leading to the Bankruptcy Court's order rejecting the contract to be in rebuttal to the contention in the default termination letter that appellant repudiated the contract. We therefore do not address the government's arguments that appellant may not challenge the validity of the Bankruptcy Court's Order rejecting the contract, because appellant does not make such a challenge.

*The Government's Summary Judgment Motion*

The government maintains that it is entitled to summary judgment on the basis of anticipatory repudiation (gov't am. mot. at 11-13). Appellant argues that summary judgment is inappropriate because no discovery has taken place (app. opp'n at 9). We evaluate the government's motion for summary judgment under the well-settled standard that summary judgment is properly granted only where the moving party has met its burden of establishing the absence of any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Mingus Constructors, Inc.*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). In the course of our evaluation, the Board's role is not "'to weigh the evidence and determine the truth of the matter,' but rather to ascertain whether material facts are disputed and whether there exists any genuine issue for trial." *Holmes & Narver Constructors, Inc.*, ASBCA Nos. 52429, 52551, 02-1 BCA ¶ 31,849 at 157,393 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)), *aff'd*, 57 F. App'x 870 (Fed. Cir. 2003). A material fact is one which may make a difference in the outcome of the case. *Liberty Lobby*, 477 U.S. at 248. A dispute is genuine only if, on the entirety

---

[*] The government appears to conflate the rejection of a contract with the termination of a contract; however, rejection and termination are distinct concepts. *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1306 (11th Cir. 2007); *Med. Malpractice Ins. Assoc. v. Hirsch (In re Lavigne)*, 114 F.3d 379, 386-87 (2nd Cir. 1997); *Eastover Bank for Savings v. Sowashee Venture (In re Austin Dev. Co.)*, 19 F.3d 1077, 1082 (5th Cir. 1994).

of the record, a reasonable factfinder could resolve a factual matter in favor of the nonmovant. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987). All significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus*, 812 F.2d at 1390. "Under summary judgment procedures 'it is usually necessary for the nonmoving party to have an adequate opportunity for discovery, and summary judgment should not be granted where the nonmovant has been denied the chance to discover information essential to its opposition.'" *Coronet Machinery Corp.*, ASBCA Nos. 55645, 56899, 09-2 BCA ¶ 34,306 at 169,464 (quoting *Environmental Chemical Corp.*, ASBCA No. 54141, 05-1 BCA ¶ 32,938 at 163,176).

A termination for default is a type of forfeiture and is strictly construed. *AEON Group, LLC*, ASBCA Nos. 56142, 56251, 14-1 BCA ¶ 35,692 at 174,752. The government bears the initial burden of proof that a default termination was justified. *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764-65 (Fed. Cir. 1987); *Free & Ben, Inc.*, ASBCA No. 56129, 11-1 BCA ¶ 34,719 at 170,952. If the government satisfies its burden of proving that the termination for default was justified, the burden shifts to the contractor to establish that its default was excusable or caused by the government's material breach, or that the contracting officer's termination decision was arbitrary, capricious, or an abuse of discretion. *Lan-Cay, Inc.*, ASBCA No. 56140, 12-1 BCA ¶ 34,935 at 171,761; *Dae Shin Enterprises, Inc., d/b/a Dayron*, ASBCA No. 50533, 03-1 BCA ¶ 32,096 at 158,646.

In the event of an anticipatory repudiation, the government has a summary right to terminate a contract for default. *C.H. Hyperbarics, Inc.*, ASBCA No. 49375 *et al.*, 04-1 BCA ¶ 32,568 at 161,140; *Bison Trucking & Equip. Co.*, ASBCA No. 53390, 01-2 BCA ¶ 31,654 at 156,385. In order to demonstrate anticipatory repudiation, the government must show that the contractor "communicated an 'intent not to perform in a positive, definite, unconditional and unequivocal manner,' either by unequivocal statements of refusal to perform, or by actions amounting to actual abandonment of performance." *Bulova Technologies Ordnance Systems LLC*, ASBCA No. 57406, 14-1 BCA ¶ 35,521 at 174,100 (quoting *Troy Eagle Group*, ASBCA No. 56447, 13 BCA ¶ 35,258 at 173,061).

Under bankruptcy law, a debtor "may assume or reject any executory contract." 11 U.S.C. § 365(a). "[T]he authority to reject an executory contract is vital to the basic purpose of a Chapter 11 reorganization." *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)) (alteration in original). Rejection of an executory contract "relieves the debtor of burdensome future obligations while he is trying to recover financially." *First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 563 (9th Cir. 2006) (citations omitted); *see also Lewis Bros. Bakeries Inc. & Chi. Baking Co. v. Interstate Brands Co. (In re Interstate Bakeries Corp.)*, 751 F.3d 955, 961 (8th Cir. 2014) ("Rejection frees the estate from the

7

obligation to perform under the contract") (citation and internal quotation marks omitted). Thus, the authority to reject is a "power to breach" the executory contract. *In re Austin Dev. Co.*, 19 F.3d at 1082.

The government cites *Thomas & Sons Building Contractors, Inc.*, ASBCA No. 53395, 05-2 BCA ¶ 33,083, for the proposition that the rejection of the contract during the bankruptcy proceedings was anticipatory repudiation of the contract. In *Thomas & Sons*, the contractor had stopped work months prior to filing for bankruptcy. 05-2 BCA ¶ 33,083 at 163,988-89. During the bankruptcy proceedings, the contractor denied that it had any executory contracts, did not assume its government contract, and expressly rejected, in its reorganization plan, any executory contract that had not been previously assumed. *Id.* We held that through these actions, the contractor manifested a positive, definite, unconditional and unequivocal intent not to render performance justifying the government's termination for default. *Id.* at 163,989-90.

In this appeal, the parties do not dispute that the Bankruptcy Court's 25 April 2012 order rejected the contract (SOF ¶ 8). Nor can U.S. Coating genuinely dispute, as the Bankruptcy Court found, that it consented to the order rejecting the contract (SOF ¶ 12), and thus communicated that it was freeing itself from the obligation to perform under the contract. *In re Interstate Bakeries Corp.*, 751 F.3d at 961. However, "the default clause does not require the Government to terminate on a finding of a bare default but merely gives the agency the discretion to do so." *The Ryan Co.*, ASBCA No. 48151, 00-2 BCA ¶ 31,094 at 153,543, *recon. denied*, 01-1 BCA ¶ 31,151; *see also Radar Devices, Inc.*, ASBCA No. 43912, 99-1 BCA ¶ 30,223 at 149,528 ("The default clause does not mandate termination; it merely gives the contracting officer the discretion to terminate for default."). The contracting officer's discretion to terminate for default "is not unfettered," *Radar Devices*, 99-1 BCA ¶ 30,223 at 149,528 (citations omitted), and "the exercise of that discretion must be fair and reasonable, not arbitrary or capricious," *Darwin Constr. Co. v United States*, 811 F.2d 593, 597 (Fed. Cir. 1987) (citations omitted).

Here, unlike the contractor in *Thomas & Sons*, U.S. Coating had filed a motion to assume its contract (SOF ¶ 7). The Bankruptcy Court's 25 April 2012 order rejecting the contract as a matter of law stemmed from the parties' settlement of Travelers' motion to compel rejection, the government's response in support thereof, and U.S. Coating's motion to assume (SOF ¶ 8). Appellant maintains that the settlement was based upon an agreement that the government would terminate the contract for convenience (app. opp'n at 4), and has offered the sworn affidavits of Mr. Washington and Mr. Brooks in support (app. opp'n, exs. A, D). The contracting officer terminated the contract for default due to appellant's consent to rejecting the contract in bankruptcy (SOF ¶ 9); however, whether this was a proper exercise of her discretion is called into question if, as appellant alleges, its consent to the rejection of the contract was based upon an agreement with the government to terminate the contract, not for default, but for convenience. It remains to be seen whether appellant can prove the existence of such an agreement to terminate the contract for convenience. However, absent discovery and further development of the

8

record, summary judgment is premature. *See GAP Instrument Corp.*, ASBCA No. 55041, 06-2 BCA ¶ 33,375 at 165,458 ("an adequate opportunity for discovery must usually precede summary judgment") (citing *Burnside-Ott Aviation Training Ctr., Inc. v. United States*, 985 F.2d 1574, 1582 (Fed. Cir. 1993)).

## CONCLUSION

The Board lacks jurisdiction to consider the affirmative claims raised by appellant and we therefore strike paragraphs 23 through 48 of appellant's amended complaint. The remainder of the government's amended motion to dismiss or, in the alternative, for summary judgment is denied.

Dated: 9 April 2015

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58245, Appeal of U.S. Coating Specialties & Supplies, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

9