FILED

NOT FOR PUBLICATION

JUL 29 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PETER F. BRONSON and SHERRI L. BRONSON, <br><br> Debtors, <br><br> ———————————————— <br><br> PETER F. BRONSON and SHERRI L. BRONSON, <br><br> Appellants, <br><br> v. <br><br> THOMAS M. THOMPSON, <br><br> Appellee. | No. 13-60088 <br><br> BAP No. 12-1320 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted July 27, 2015[**]
San Francisco, California

Before: D.W. NELSON, CANBY, and NOONAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Peter and Sherri Bronson appeal pro se from the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's orders granting creditor Thomas Thompson's motion to convert their Chapter 11 petition to Chapter 7 under 11 U.S.C. § 1112(b), and denying their reconsideration motion. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009), and we affirm.

The bankruptcy court did not abuse its discretion in converting the case to Chapter 7 because it found cause to convert, and that conversion was in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b); *Pioneer Liquidating Corp. v. U.S. Trustee (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806-07 (9th Cir. 2001). Evidence supports the court's finding that there was no reasonable likelihood of a plan confirmation within a reasonable period, and that conversion would allow a trustee to determine objectively how best to pay the Bronsons' debts and administrative expenses. *See* 11 U.S.C. § 1112(b)(2)(A).

Further, the bankruptcy court did not abuse its discretion in denying the reconsideration motion because the Bronsons failed to show the bankruptcy court erred in rendering the underlying decision. *See First Ave. W. Bldg., LLC v. James (In re OneCast Media)*, 439 F.3d 558, 561 (9th Cir. 2006).

The Bronsons' remaining contentions are not supported by the facts or law.

**AFFIRMED.**